Ignacio **CHAVEZ, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44515.

Court of Criminal Appeals of Texas.

Oct. 13, 1971.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for assault with intent to murder with the punishment assessed at three years.

Appellant was represented in the trial court by the Honorable Murray J. Howze. A Certificate of the Clerk appears in the record certifying that retained counsel for appellant died in the month of February, 1971.

The record was approved on May 24, 1971, approximately three months after death of counsel. We find nothing to indicate that appellant was represented by counsel after Mr. Howze's death. Moreover, the record fails to reflect that the appellant was personally notified of completion of the record or that he, in fact, had any knowledge of his attorney's death.

We are, therefore, confronted with the question of what action should be taken where defendant has manifested his desires to appeal; his attorney has died before the completion of the record; the record has been forwarded to this court and no brief or motion on appellant's behalf has been filed.

In Steel v. State, Tex.Cr.App., 453 S.W. 2d 486 (1970), we noted that the failure of non-appointed counsel in a criminal case to perfect an appeal from a conviction, when requested to do so by the accused, violates the requirement that the accused be afforded the effective aid of counsel on appeal. See Atilus v. United States, 406 F.2d 694 (5th Cir. 1969). By analogy, it is clear that if the defendant manifested a desire to appeal then the absence of counsel, due to death, to pursue this appeal would also be a denial of assistance of counsel at a critical stage in a criminal proceeding.

To avoid the possibility of depriving this appellant of the effective aid of counsel on appeal and an adequate appellate review, this appeal will be abated, as the State by written motion has requested, in order that the trial court can properly notify the appellant of his attorney's death so that he may retain assistance of counsel on appeal or in the alternative to inquire and determine whether the circumstances would require the appointment of counsel for the appeal.

See Gomez v. State, Tex.Cr.App., 471 S.W.2d 393, this day decided.

It is so ordered.

Opinion approved by the Court.