Randy WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51783.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

On May 5, 1975, appellant was convicted by a jury for unlawful delivery of heroin. The jury assessed punishment at ten years and recommended that the imposition of sentence be suspended. Pursuant to Article 42.12, V.A.C.C.P., judgment was entered accordingly. Notice of appeal was given on May 13, 1975.

The record, which is before us without a transcription of the court reporter's notes, reflects that appellant was represented at trial by retained counsel who filed a written notice of appeal.

Pursuant to Article 40.09, Section 7, V.A.C.C.P., notice of completion of the record on appeal was mailed to counsel on September 26, 1975. Eight days later on October 4, 1975, the attorney was ordered suspended from practicing law in this State until April 3, 1976. The record in the instant case was not approved by the trial court until November 18, 1975, which, under Article 40.09, Section 9, V.A.C.C.P., commenced the thirty days' time in which to file a brief in the trial court in appellant's behalf. No such brief was filed in the trial court and no brief in this appellant's behalf has been filed in this Court. See Article 40.09, Section 13, V.A.C.C.P. There is no indication of appellant's indigency in the record; and, there is nothing before us to indicate that other counsel has been substituted to represent appellant on appeal.

In *Chavez v. State,* 471 S.W.2d 392 (Tex. Cr.App.1971), and *Gomez v. State,* 471 S.W.2d 393 (Tex.Cr.App.1971), the attorney for the respective appellant had died prior to notification of completion of the respective appellate records. In both cases the appeals were abated. In *Chavez v. State,* supra, we stated:

"In *Steel v. State,* Tex.Cr.App., 453 S.W.2d 486 (1970), we noted that the failure of non-appointed counsel in a criminal case to perfect an appeal from a conviction, when requested to do so by the accused, violates the requirement that the accused be afforded the effective aid of counsel on appeal. See *Atilus v. United States,* 406 F.2d 694 (5th Cir. 1969). By analogy, it is clear that if the defendant manifested a desire to appeal then the absence of counsel, due to death, to pursue this appeal would also be a denial of assistance of counsel at a critical stage in a criminal proceeding."

In the instant case, counsel had not been suspended until after notice of completion of the record had been mailed to him. Yet, during all the thirty days' time provided under Art. 40.09, Sec. 9, supra, in which a brief could be filed timely in the trial court in appellant's behalf, his counsel was suspended from the practice of law and could not file a brief for appellant.

To avoid the possibility of depriving this appellant of the effective aid of counsel on appeal and an adequate appellate review, this appeal will be abated in order that the trial court can properly notify the appellant of his attorney's suspension so that appellant may retain assistance of counsel on appeal or in the alternative to inquire and determine whether the circumstances would require the appointment of counsel for the appeal.

The appeal is abated.