Billy **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51187.

Court of Criminal Appeals of Texas.

March 24, 1976.

---

A. R. Archer, Jr., Monahans, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Under an indictment for murder, appellant was convicted by a jury for voluntary manslaughter. The court assessed punishment at ten (10) years.

The State has filed a motion to abate the appeal on the ground that, after appellant's conviction in the trial court, appellant's attorney [1] was suspended from the practice of law. The motion to abate must be granted.

Notice of completion of the record was mailed to appellant's attorney on July 2, 1975. On September 22, 1975, a judgment was entered in the 143rd Judicial District Court of Ward County suspending such attorney from practicing law for two years.[2] The record on appeal was approved and a brief was filed in the trial court by the suspended attorney on October 13, 1975.

In *Chavez v. State,* 471 S.W.2d 392 (Tex. Cr.App.1971), and *Gomez v. State,* 471 S.W.2d 393 (Tex.Cr.App.1971), the attorney for the respective appellants had died prior to notification of completion of the respective appellate records. In both cases the appeals were abated. In *Chavez v. State,* supra, we stated:

1. Counsel appears to have been retained.

2. An appeal from an order suspending an attorney may be taken to the Court of Civil Appeals, but such attorney "shall not be entitled to practice law in any form while the appeal is pending, and he shall have no

"In *Steel v. State,* Tex.Cr.App., 453 S.W.2d 486 (1970), we noted that the failure of non-appointed counsel in a criminal case to perfect an appeal from a conviction, when requested to do so by the accused, violates the requirement that the accused be afforded the effective aid of counsel on appeal. See *Atilus v. United States,* 406 F.2d 694 (5th Cir. 1969). By analogy, it is clear that if the defendant manifested a desire to appeal then the absence of counsel, due to death, to pursue this appeal would also be a denial of assistance of counsel at a critical stage in a criminal proceeding."

In *Watson v. State,* 532 S.W.2d 641 (Tex. Cr.App., Delivered February 18, 1976), no brief had been filed in appellant's behalf. There, counsel had not been suspended until after notice of completion of the record had been mailed to him. Yet, during all the thirty days' time provided under Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., in which a brief could be filed timely in the trial court in appellant's behalf, his counsel was suspended from the practice of law and could not file a brief for appellant.

In *Watson* we stated:

"To avoid the possibility of depriving this appellant of the effective aid of counsel on appeal and an adequate appellate review, this appeal will be abated in order that the trial court can properly notify the appellant of his attorney's suspension so that appellant may retain assistance of counsel on appeal or in the alternative to inquire and determine whether the circumstances would require the appointment of counsel for the appeal."

In the instant case appellant's counsel did file a brief, but such action on the part of counsel was unauthorized in view of the

right to supersede the judgment by bond or otherwise." Title 14, Art. 12, Sec. 30 (State Bar Rules), Appendix to the State Bar Act, Art. 320a–1, Vernon's Ann.Civ.Stat. Compare *Phagan v. State,* 510 S.W.2d 655 (Tex. Civ.App.1974).

fact that he had been suspended from practicing law 21 days earlier.[3] Consequently, we must abate the appeal for the above-quoted reasons stated in Watson.

Upon receipt of our mandate of abatement the trial court will notify appellant of his attorney's suspension [4] and give appellant a reasonable time to retain assistance of counsel on appeal or in the alternative to inquire and determine if the circumstances would require the appointment of counsel for the appeal.[5] The time for filing a brief in the trial court under Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., shall begin on the date of such retention or appointment. Proceedings may then be had in the trial court under the appropriate sections of Art. 40.09, Vernon's Ann.C.C.P.

The appeal is abated.

---

3. See footnote one.

4. There is nothing before us to show that appellant has previously been given such notice or that another attorney has been substituted to represent appellant on appeal. See *Watson v. State,* supra.

5. In this regard it should be noted that appellant filed an affidavit of indigency requesting a free transcription of the court reporter's notes. See Art. 40.09, Sec. 5, Vernon's Ann.C.C.P. The trial court granted appellant's request. Consequently, if the trial court finds that appellant is not indigent and counsel is not retained, the appeal should be returned to this Court, together with the trial court's findings and a transcription of the court reporter's notes at the hearing on indigency, in order that this Court might properly review the same. See *Stephens v. State,* 509 S.W.2d 363 (Tex.Cr. App.1974).