**In re T. David VAN ORDEN.**

**Ex parte Billy Wayne BARNETT.**

**No. 55118.**

Court of Criminal Appeals of Texas.

Sept. 23, 1977.

JUDGMENT

WHEREAS, on the 22nd day of August, 1977 this Court made and entered the following order, to-wit:

"IN THE
COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

In re T. DAVID VAN ORDEN
Ancillary to:
Ex parte BILLY WAYNE BARNETT
NO. 55,118

ORDER

"WHEREAS, on May 27, 1977, in Ex parte Billy Wayne Barnett, Cause No. 55,118 in the Texas Court of Criminal Appeals, this Court entered an order reciting that the Honorable T. David Van Orden, court-appointed counsel for the indigent habeas corpus petitioner Billy Wayne Barnett in said cause, had not filed a brief in behalf of said Billy Wayne Barnett, and further reciting that under previous decisions of this Court it is required that court-appointed counsel shall file a brief in cases of such type, and

"WHEREAS, the said order of May 27, recited:

'It is therefore ORDERED that appellant's counsel, the Honorable T. David Van Orden, shall file a brief in this Court in appellant's behalf on or before Monday, June 13, 1977.'

and

"WHEREAS, as of June 27, 1977, no brief in compliance with said order of May 27, 1977, had been filed in this Court, and on June 27, 1977, the Honorable Alfred Walker in his official capacity as Executive Administrator of this Court in the discharge of his official duties under the direction of this Court talked to the said T. David Van Orden on the telephone regarding his failure to file a brief as previously ordered by the Court, and the said T. David Van Orden informed the said Alfred Walker that the brief would be in the mail the next day, and

"WHEREAS on this 22nd day of August, 1977, no brief has been filed in this Court by the said T. David Van Orden, on behalf of the said Billy Wayne Barnett, in the said Cause No. 55,118, as ordered by this Court on May 27, 1977,

"WHEREFORE, premises considered, it now appears from the records of this Court that the said T. David Van Orden has failed to comply with the said order of this Court of May 27, 1977, and is by such failure in contempt of this Court,

"NOW, THEREFORE, it is ORDERED, that the said T. David Van Orden shall show cause why he should not be held in contempt of this Court and punished therefor, and that he shall do so

by filing his sworn affidavit, and by affidavits of other witnesses thereto if any there be, on or before the 19th day of September, 1977, which affidavits shall state facts that deny or excuse the said contempt, if there be any such facts. And it is further ORDERED that the Clerk of this Court shall issue a NOTICE TO SHOW CAUSE commanding the said T. David Van Orden to show cause, in the manner and within the period above specified in this order, why he should not be held in contempt of this Court and punished therefor; and a copy of this order shall accompany said notice.

"It is so ordered on this 22nd day of August, 1977.

PER CURIAM"

and

WHEREAS, the Clerk of this Court duly issued a Notice to Show Cause as specified in said order of August 22, 1977, and said Notice to Show Cause, together with a copy of said order of August 22, 1977 was properly and personally served on the said T. David Van Orden on the 29th day August, 1977; and

WHEREAS, on this 23rd day of September, 1977, no brief has been filed in this Court by the said T. David Van Orden, on behalf of the said Billy Wayne Barnett in said Cause No. 55,118, as ordered by this Court on May 27, 1977; and

WHEREAS, on this 23rd day of September, 1977, neither the said T. David Van Orden nor anyone acting in his behalf has filed an affidavit by the said T. David Van Orden or any other witness either denying or excusing the contempt recited in said order of August 22, 1977; and

WHEREAS, on this 23rd day of September, 1977 neither the said T. David Van Orden nor anyone acting in his behalf has made any response to said order of August 22, 1977 or to said Notice to Show Cause;

NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED by the Court of Criminal Appeals of the State of Texas that:

(1) The said T. David Van Orden is in contempt of this Court, and he should be and shall be punished for such contempt.

(2) The said T. David Van Orden shall be punished for said contempt by confinement in a county jail for ten (10) days and by fine in the amount of One Hundred Dollars ($100.00).

(3) The Clerk of this Court shall forthwith issue a capias addressed to any Sheriff within the State of Texas commanding him to arrest the said T. David Van Orden and place him in jail and there safely keep him imprisoned for a period of ten (10) days and thereafter until said fine of One Hundred Dollars ($100.00) said capias shall recite generally the proceedings had in this case, and it shall be accompanied by a certified copy of this judgment to be served on the said T. David Van Orden as further evidence of the Sheriff's authority.

(4) The fine assessed against said T. David Van Orden as a part of his punishment herein may be discharged in any manner provided by law and in the same manner that a judgment and sentence rendered against a defendant for a fine in an ordinary criminal case can be discharged; and all money paid in discharge of said fine shall be paid to the Clerk of this Court.

(s) John F. Onion, Jr.
JOHN F. ONION, JR.,
PRESIDING JUDGE

(s) Leon Douglas
LEON DOUGLAS, JUDGE

(s) Truman Roberts
TRUMAN ROBERTS, JUDGE

(s) Wendell A. Odom
WENDELL A. ODOM, JUDGE

(s) W. T. Phillips
W. T. PHILLIPS, JUDGE