**Jose Leonel TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56424.**

Court of Criminal Appeals of Texas, En Banc.

May 24, 1978.

Paul Banner and Cornel Walker, Greenville, for appellant.

Felipe Reyna, Dist. Atty. and Rodney Goble, Asst. Dist. Atty., Waco, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a felony conviction for possession of marihuana. On his guilty plea to a jury appellant was assessed a punishment of ten years' confinement and a five thousand dollar fine.

In one of his grounds of error appellant contends he was deprived of his right to counsel at the hearing on his motion for

new trial. Judgment was entered on November 2, 1976. Ten days later, on November 12, appellant filed his motion for new trial, alleging, inter alia, error in the separation of the jury without his consent after the court gave its charge, in violation of Art. 35.23, V.A.C.C.P. The hearing on the motion for new trial was set for December 1, the nineteenth day after the motion was filed.

The record clearly reflects appellant was denied counsel at the hearing on his motion for new trial. After the first witness called by the State testified, appellant was asked if he desired to ask any questions, and replied, "No, because I don't know what this is about. I don't know anything about my case. I don't know anything about nothing. All I know is that I have to have my attorney to be here. That's all I'm saying, my attorney have to be here." When asked if he had any questions for the next witness, appellant replied, "Well, I don't know what to say, Your Honor. Like I say, I think my attorney has to be here." On numerous other occasions appellant reiterated his need for his attorney.

The record reflects appellant's counsel, whose office was in Greenville, received notice of the hearing and replied on November 23 by letter that he had a scheduling conflict. He informed the district clerk, "I will attempt to rearrange the same and according (sic) advise the court immediately if it is necessary to file a motion to continue this hearing." The record does not contain a motion for continuance, nor does it reflect why counsel was not present at the hearing.

The right to counsel is fundamental in our system of justice. Amendment VI, United States Constitution; Art. I, Sec. 10, Texas Constitution. "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." *Powell v. Alabama*, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). Just as ". . . appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected," *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967), so, too, does the right to retained counsel exist at every critical stage of the proceeding. The fact that absent counsel was retained rather than appointed does not authorize the court to proceed in his absence. See, *Parker v. State*, Tex.Cr.App., 545 S.W.2d 151; *Ex parte Herrin*, Tex.Cr.App., 537 S.W.2d 33; *Baker v. State*, Tex.Cr.App., 519 S.W.2d 648. Alternatives are available to the trial court when counsel fails to appear without adequate excuse. See *Yates v. State*, Tex. Cr.App., 557 S.W.2d 115; *Guillory v. State*, Tex.Cr.App., 557 S.W.2d 118; *In re Van Orden*, Tex.Cr.App., 559 S.W.2d 805.

Without doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review. See, Art. 40.03, V.A.C.C.P.; Special Commentary to Art. 40.09, 5 Vernon's Ann. C.C.P. 154, at 156. From the record it is clear that appellant did not waive counsel, and was denied counsel at this critical stage of the proceedings.

The State argues that failure to hold a hearing on the Art. 35.23, supra, separation of the jury issue would have resulted in a record reflecting reversible error, and that time limitations required that the hearing not be delayed.

As to the first argument, the record of the trial does reflect that the jury was allowed to separate over appellant's objection after the court gave its charge. The State is correct that this would present reversible error in the absence of a showing that the separation did not harm appellant. *Skillern v. State*, 559 S.W.2d 826 (1977). The burden is on the State to show no harm. *Skillern*, supra.

It is also true that a motion for new trial generally must be determined within twenty days or it will be deemed overruled by operation of law and that the time for conducting the hearing may not be extended by the trial court. *Chappell v. State*, Tex.Cr.App., 519 S.W.2d 453; Art.

40.05, V.A.C.C.P. A hearing conducted after a motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal. *Boykin v. State*, Tex.Cr.App., 516 S.W.2d 946. Nevertheless, it is also true that evidence heard after twenty days from the filing of the motion for new trial will occasionally be considered. In *Johnson v. State*, Tex.Cr. App., 467 S.W.2d 247, the defendant filed a motion for new trial supported by a juror's affidavit and alleging jury misconduct. On appeal the defendant contended the motion was overruled by operation of law prior to the hearing at which the State produced witnesses contradicting the defendant's affidavit. The Court on appeal stated the trial court had granted the State a continuance of the hearing in order that it could have more time to secure evidence on the issue of jury misconduct. The Court held, "In the interest of justice, the action of the court was proper in order to show that the affidavit attached to appellants' motion for new trial did not reflect the true facts." See also, *Aldrighetti v. State*, Tex.Cr.App., 507 S.W.2d 770, 773 (opinion concurring in part and dissenting in part). Thus, in this case when the motion for new trial came on for hearing and appellant's counsel was not present, the hearing could have been continued or recessed in the interest of justice to some date after the twenty day limit (the hearing was apparently on the nineteenth day) at which time appellant's right to counsel would have been protected.

The course of action taken here, however, of proceeding with the hearing when appellant did not have counsel and had not effectively waived that right, was not a permissible alternative. We hold appellant was denied his right to counsel at a critical stage of the proceedings against him. We now address ourselves to how this case should be disposed of in light of this error.

■ The error complained of occurred at the hearing on the motion for new trial. This event is fundamentally a part of the post-trial review process, and not a part of the trial itself, or of the procedures prerequisite to commencement of the trial. Although the motion for new trial must be filed and disposed of before the sentence may properly be pronounced, *Carpenter v. State*, Tex.Cr.App., 541 S.W.2d 446; *McIntosh v. State*, Tex.Cr.App., 534 S.W.2d 143; *Bedell v. State*, Tex.Cr.App., 443 S.W.2d 850, it is nevertheless a post-trial proceeding in that the time for filing the motion does not commence until the judgment is entered, including assessment of punishment and disposition of any application for probation. Art. 40.05, supra; *Woods v. State*, Tex.Cr.App., 532 S.W.2d 608; *Faurie v. State*, Tex.Cr.App., 528 S.W.2d 263. Thus, all trial issues have been decided by the time for the motion for new trial. That the hearing on such a motion is for the purpose of deciding whether the cause shall be retried (see Arts. 40.01, 40.07, 40.08, V.A. C.C.P.) and to prepare a record for presenting issues on appeal in the event the motion is denied (see Special Commentary to Art. 40.09 as cited above) demonstrates that it is part of the post-trial review process.

In cases where a defendant was denied counsel during the post-trial review proceedings under Article 40.09, V.A.C.C.P., we have abated the appeal for recommendation of proceedings at that stage at which the defendant was without the assistance of counsel. *Martinez v. State*, Tex.Cr.App., 534 S.W.2d 693; *Watson v. State*, Tex.Cr. App., 532 S.W.2d 641; *Gomez v. State*, Tex. Cr.App., 471 S.W.2d 393; *Chavez v. State*, Tex.Cr.App., 471 S.W.2d 392. Because in the instant case appellant was denied counsel at a stage of the review process prior to sentence and notice of appeal, we set aside the sentence and notice of appeal and return the cause for a hearing on the motion for new trial and an orderly course of subsequent events. In the event appellant's motion for new trial is denied, sentence should then be pronounced and notice of appeal may be given. Thereafter the provisions of Art. 40.09, supra, should be followed, and the parties may waive such time provisions thereunder to which they are entitled as they may desire.

The sentence and notice of appeal are set aside and the cause is remanded to the trial

court for a hearing on the motion for new trial and for the orderly conduct of subsequent post-trial proceedings.

DOUGLAS, J., dissents.

DALLY, Judge, dissenting.

The majority's grave concern, anxiety, and solicitude for what it says was the denial of appellant's constitutional right to counsel on the hearing of his motion for new trial, it appears to me, is a red herring. Without being granted rule-making power, the majority on its own muscle is now promulgating historically unprecedented new rules of criminal procedure granting the State the right to a motion for new trial. This is without regard for long-established practice and is contrary to the spirit of Chapter 40 of the Code of Criminal Procedure. It is clear the appellant's counsel intended to and did abandon the motion for new trial so that it would be overruled by operation of law. This is often done, and appellant's counsel had a perfect right to abandon that motion. In my opinion, appellant's counsel should continue to urge that the motion for new trial was abandoned so that he will not be considered ineffective in the representation of his client.

Since the majority of this Court has already found that this record presents reversible error, it is absurd to think the appellant wants his motion for new trial heard for that error to be cured. What need is there for the appellant to have his motion for new trial heard?

The majority is permitting the State to adopt the appellant's abandoned motion for a new trial and force a hearing of that abandoned motion; the result is that the majority is granting the State a motion for new trial. I see no distinction between this and allowing the State to file its own motion for new trial. This appeal should be decided on the record now before this Court, and let the chips fall where they may. I vigorously dissent to the amendment of the Code of Criminal Procedure by the promulgation of these new rules of

criminal procedure granting the State a motion for new trial.

ROBERTS, J., joins this dissent.