**Paul Leslie DEPEW**

v.

**The STATE of Texas.**

**No. 05–91–01449–CR.**

Court of Appeals of Texas,
Dallas.

Sept. 14, 1992.

Rehearing Denied Dec. 9, 1992.

James M. Murphy, Dallas, for appellant.

Jeffrey Keck, Dallas, for appellee.

Before ENOCH, C.J., and MALONEY and CHAPMAN, JJ.

## OPINION

MALONEY, Justice.

Appellant and the State jointly moved to remand this cause for a new punishment trial under rule 80(c). *See* TEX.R.APP.P. 80(c). We deny the parties' joint motion.

The jury convicted appellant of theft of property over the value of $20,000 and assessed a 20-year sentence on June 14, 1991. Appellant's timely filed motion for new trial was overruled by operation of law. This cause is presently pending submission in this Court.

## APPLICABLE RULES

No rule expressly provides the relief which the parties seek.

■■■ The rules give this Court power to "make any other appropriate order, as the law and the nature of the case may require." TEX.R.APP.P. 80(c). Rule 80 contemplates disposition of cases *after* submission. *See* TEX.R.APP.P. 80(a). A "remand" order under rule 80 is inappropriate for a case that has not been submitted.

Rule 59(a) (entitled "Civil Cases") allows an appellate court to finally dispose of a pending *civil* appeal by the parties' agreement. TEX.R.APP.P. 59(a)(1)(A). The Code Construction Act provides that the headings of titles, subtitles, chapters, subchapters or sections do not limit the meaning of a statute. TEX.GOV'T CODE ANN. § 311.024 (Vernon 1988). However, the clear wording of the Rules of Appellate Procedure distinguish civil appellate procedure from criminal appellate procedure.

The intent of Rule 59(a) is to dispose of civil disputes. To hold otherwise distorts the rules. The rules provide for options in civil cases that are not available in criminal

cases. Rule 59(b) (entitled Criminal Cases) does not provide for remand by the parties' agreement. Logically, if the Code Construction Act allows rule 59(a) to apply in criminal cases, then it must allow rule 59(b) to apply in civil cases. If this reasoning is valid, the Court, at its whim, could deny parties to a civil appeal the right to agree to anything but dismissal of their appeal.[1]

## APPLICABLE CASE LAW

Some precedent exists for granting this motion. *See generally Geter v. Fortenberry*, 849 F.2d 1550, 1551 (5th Cir.1988).[2] The State and Geter jointly moved for new trial before the Texas Court of Criminal Appeals. The *Geter* court granted the motion for new trial. Upon remand to the trial court, the State dismissed the indictment.

In *Trevino v. State*, 565 S.W.2d 938 (Tex. Crim.App.1978), the court remanded the cause for another motion for new trial hearing at the State's request.[3] Judge Dally dissented from the court's use of "its own muscle" to amend the Code of Criminal Procedure.[4] *Id.* at 942.

Appellant and the State have agreed upon plea bargains in several other criminal cases pending against appellant. This cause is an integral part of those plea bargain agreements. The parties ask this Court to order that which the rules do not allow. We cannot confer jurisdiction in the trial court where none exists.

The *Geter* and *Trevino* courts responded to constitutional violations[5]. Here the parties' motion requests this Court amend the rules to clear a trial court's docket. We should not promulgate rules of procedure to accommodate the parties. If the Court of Criminal Appeals wishes to change the

---

1. If appellant wanted to dismiss his appeal, we would grant his motion—if he complied with the rules.

2. This procedural information is found in the background facts contained in the federal opinion on the civil appeal. Geter sued the various State agents that participated in his arrest and trial.

3. This cause was pending appeal when the State filed its motion. It was unquestioned that the

trial court erred in denying appellant his constitutional right to have counsel present at his hearing on motion for new trial.

4. Judge Dally maintained the court's decision effectively gave the State the right to file a motion for new trial.

5. In *Geter*, there was alleged prosecutorial and police misconduct. In *Trevino*, the trial court committed error.

rules, they will do so. Until they do, we are bound by the rules as they exist today.

### CONCLUSION

We cannot manipulate procedural rules in the name of expediency or stretch the rules to fit a situation at the whim of the Court. We should examine this cause on submission to determine if error exists in the punishment phase. If reversible error exists, we should reverse and remand for a new trial on punishment[6].

We deny the motion.

ENOCH, Chief Justice, dissenting.

Today the majority concludes that we do not have the authority to order the trial court to conduct a hearing on a motion for new trial based on an agreed motion of the parties. Because I believe we have such authority and should exercise that authority in this case, I dissent.

Appellant and the State came to this Court with an "agreed motion to remand." The parties tell us that the parties have "entered into a compromise and settlement of all matters in controversy between them." Apparently, part of the agreement includes a disposition in the trial court of this case. The parties rely on rule 80(c) of the rules of appellate procedure, which provides as follows: "In addition, the court of appeals may make any other appropriate order, as the law and the nature of the case may require." Rule 80 deals with submission of cases and rendition of judgment *after* submission. This case has not yet been submitted and will not, if the parties are permitted to do what they wish to do. As a result, I believe that the rule upon which the parties have relied is inapplicable to the present situation. However, there is a means by which this appeal can be resolved in accordance with the agreement.

Under rule 59(a) of the rules of appellate procedure, a case may be finally disposed of in any manner agreed upon by the parties. The majority describes rule 59(a) as expressly applying only to civil cases. While the caption for rule 59(a) says "Civil Cases," contrary to the majority's statement, p. 88, there is nothing in the text of the rule which makes the rule applicable only to civil cases. *Contrast* TEX.R.APP.P. 2(b) (rule concerning suspension of rules in criminal cases contains references to code of criminal procedure and Court of Criminal Appeals). In addition, the Code Construction Act does not provide that, in construing a statute, the Court may consider the title (organizational subdivision) to the statute. *See* Revisor's Note, TEX.GOV'T CODE ANN. § 311.023 (Vernon 1988). Specifically, the heading of a section does not limit or expand the meaning of a statute. TEX.GOV'T CODE ANN. § 311.024 (Vernon 1988). *See also* TEX.GOV'T CODE ANN. § 311.002 (Vernon 1988) (Code Construction Act applies to each rule adopted under a code); TEX.CODE CRIM.PROC.ANN. 44.33(a) (Vernon Supp.1992).

A strict reading of the text of Rule 59(a) demonstrates that it is not limited either expressly or implicitly to civil cases. Placing a different gloss on the rule by reference to its caption, the majority forces the parties to either proceed to submission of the case, thus creating unnecessary work for this Court in disposing of the appeal, or dismiss the appeal altogether. Given the language of rule 59(a), the parties are permitted to proceed with their agreement.

Additionally, the majority believes that the trial court has no authority to rule on a motion for new trial at this point. The majority notes that there is precedent for taking the action requested by the parties. *See Geter v. Fortenberry*, 849 F.2d 1550, 1551 (5th Cir.1988) (describing the disposition of an appeal to this Court of a criminal conviction); *Trevino v. State*, 565 S.W.2d 938 (Tex.Crim.App.1978). However, the majority concludes that these cases may be distinguished because they involve violations of the appellants' constitutional rights. I disagree with the majority's contention that the criminal appeal described in *Geter* and the Court of Criminal Appeals opinion in *Trevino* can be distinguished because they involved due process violations. A court does not obtain jurisdiction, where

---

**6.** The dissent concedes the parties' motion alleges no error. It cites *Owens v. State,* 763 S.W.2d 489, 493 (Tex.App.—Dallas 1988, pet. ref'd), as authority for our remanding this cause to the trial court for a hearing on punishment. In *Owens,* the trial court committed error.

it does not otherwise have jurisdiction, simply because there has been an alleged violation of constitutional rights. Considerations of "fairness" have nothing to do with whether or not we have jurisdiction. We obtain jurisdiction not by amorphous considerations of fairness, but by constitution, statute, or the inherent powers accompanying the constitutional and statutory grants. Contrary to the majority's interpretation, *Trevino* only serves to support the proposition that we have the authority to do as the parties have requested.

In fact, this Court has reversed cases in the past for failure to hold a hearing on a motion for new trial and directed the trial court to conduct a hearing. *Owens v. State*, 763 S.W.2d 489, 493 (Tex.App.—Dallas 1988, pet. ref'd). If the trial court has the authority to conduct a hearing pursuant to our order, it necessarily has the authority to rule on a motion for new trial. *See McIntire v. State*, 698 S.W.2d 652, 657 (Tex.Crim.App.1985). Although there is no allegation of error in this case, rule 59(a) gives us the authority to act according to the wishes of the parties.

To summarize, I believe that we have the authority to give the parties the relief they want and that the trial court has the authority to do what it will be asked to do. Because the majority declines to grant the relief, I dissent.

