COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-02-401-CR 

TERRENCE PATRICK SHEEHAN                                               APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
        Appellant Terrence Patrick Sheehan was convicted in a bench trial of the 
felony offense of aggravated sexual assault of a child following his open 
(nonplea bargained) plea of guilty. At the conclusion of the punishment hearing 
appellant was sentenced by the court to twenty-five years’ confinement. Two 
points are presented on appeal: (1) the trial court erred in failing to appoint 
counsel to represent appellant at the hearing held on appellant’s motion for new 
trial; and (2) appellant received ineffective assistance of counsel. We will 
affirm.
        Appellant’s specific complaint in point one is that the trial court erred in 
failing to appoint counsel in connection with the first of two hearings held on 
appellant’s motion for new trial. 
 

 We begin with a review of the pertinent 
facts.
        Appellant filed a pro se motion for new trial alleging that his trial counsel 
was ineffective, among other things, in failing to timely communicate the 
results of “plea negotiations” counsel had engaged in with the prosecutor, 
thereby depriving him of the opportunity to accept or reject the State’s offers. 
A hearing was held on appellant’s motion on October 2, 2002. When it 
became apparent at the hearing that appellant desired to be represented by 
counsel, the trial court proposed a solution: 
THE COURT: Well, here’s what I will do. Since the lawyers
are here today what I would like to do would be develop whatever
testimony we need to develop as far as the plea negotiation
situation. As I understand the law, if the Court rules that the
motion is timely filed, then I have 75 days to rule on that. And if
I don’t rule upon it, it’s overruled by operation of law. Which we
are now about what, 21 days or so into the 75 days from the date
of its filing. I can appoint appellate counsel to represent you today
after the conclusion of this hearing. And if appellate counsel feels,
after conferring with you, that there is additional matters that he or
she would like to take up within the 75-day period, I still would
have jurisdiction under that 75-day window to hear whatever
additional testimony we need to hear. If the counsel feels that
there is not any additional testimony and you want to reserve
whatever for collateral attack, at least you would have this portion
of the testimony for either direct or collateral attack. 

                Is that satisfactory? 

                [APPELLANT]: Yes, it is, Your Honor. 

        Two witnesses testified at the hearing: Dawn Rhoden, an Assistant 
District Attorney for Tarrant County, and Peter Barrett, a Dallas area attorney 
who represented appellant in the trial court. Rhoden testified that she was the 
“primary” prosecutor in the case against appellant and that other than an initial 
offer of thirty years, which was rejected by appellant, there were no other plea 
offers. Barrett’s testimony largely mirrored that of Rhoden. He testified there 
was originally an offer by the State in the range of thirty to forty years, but that 
he had hoped a more “reasonable” offer would be made in the in future and 
toward that end he had spoken to her about the possibility of a ten-year agreed 
sentence. According to Barrett, the more lenient of the proposals discussed in 
theory would have had a number of conditions, including the approval of the 
victim’s family and appellant’s agreement to the plea prior to the time Rhoden 
contacted the family for their approval. Barrett testified he went over the 
potential agreement with appellant in his law office a day or two before the 
sentencing hearing, and that appellant rejected the conditional agreement 
because he believed he would receive a more lenient sentence based on an 
anticipated favorable presentence report. Barrett testified that appellant’s 
decision not to seek the conditional plea agreement was a tactical decision 
made by appellant against Barrett’s advice. 
        At the conclusion of the hearing, the trial court stated that a lawyer had 
been appointed to represent appellant on appeal, and that the court would allow 
appellant the opportunity, if he desired, to present further testimony in 
connection with his motion for new trial on a later date. Appellant again 
agreed. 
        Twenty days later, on October 22, 2002, the trial court conducted a 
second hearing. Appellant was represented at the hearing by his appointed 
appellate counsel, Pete Gilfeather. Without objection to the manner in which 
the prior hearing had been conducted, Gilfeather called appellant to the stand. 
Appellant testified that he had rejected the initial thirty-year offer by the State, 
but that during a recess at the punishment hearing on August 9, 2002, 
Katheryn Haywood, an associate lawyer with Barrett’s firm, told him that the 
State had told Barrett that it might agree to a “15 or 20” year sentence on the 
condition that “first [the defense] would have to say that that offer was 
acceptable to us before the State would take it to the family.” Appellant 
further testified that as this information was being communicated to him by 
Haywood, the trial court had taken the bench and was pronouncing the 
sentence. 
        A defendant is constitutionally entitled to the assistance of counsel at all 
critical stages of a prosecution, including the hearing on a motion for new trial. 
See Trevino v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978). On 
appeal, appellant questions for the first time whether the failure to provide 
counsel at the initial hearing on the motion for new trial violated the Texas Fair 
Defense Act, 
 

 Texas’ statutory procedure ensuring the requisite constitutional 
right to counsel. The critical question presented in this case is whether the
appointment of counsel during the second of the two hearings held on
appellant’s motion satisfied that constitutional requirement and, if not, whether
the error can be held harmless. We do not construe the issue to be whether
appellant was given proper Faretta
 

 warnings at the first hearing, because it is 
clear from the record that appellant desired to be represented by counsel at the
time the motion for new trial was heard. In other words, the question is not
whether appellant was properly admonished on the dangers of self-representation at the first hearing—it is clear from the record that he wanted
counsel appointed. Rather, the issue is whether the appointment of counsel for
the second hearing held on appellant’s motion for new trial satisfied the
constitutional requirement for the appointment of counsel. 
        Viewing all of the circumstances surrounding both hearings held on 
appellant’s motion for new trial, we conclude appellant was afforded his right 
to counsel. While the procedure employed by the trial court was somewhat 
unorthodox, it is clear that appointed counsel was present at the second 
hearing and that appellant was, as the State correctly notes in its appellate 
brief, essentially given the opportunity for a “do over” in connection with the 
motion. Appellant’s appointed counsel on appeal was present at and 
participated in the second of the two hearings, voiced no complaint over any 
aspect of the proceeding, and was not limited in any respect to the introduction 
of evidence supporting appellant’s motion. Under these unique circumstances 
we are satisfied that there was no violation of appellant’s right to counsel. 
        Moreover, even if the procedure was improper, any error was harmless 
beyond a reasonable doubt. The United States Supreme Court has recognized 
the application of the harmless error rule to circumstances involving the 
improper denial of assistance of counsel. See Satterwhite v. Texas, 486 U.S. 
249, 257-58, 108 S. Ct. 1792, 1798 (1988) (applying harmless error test to 
the admission of psychiatric testimony taken in violation of right to counsel); 
see also Moore v. Illinois, 434 U.S. 220, 232, 98 S. Ct. 458, 466 (1977) 
(remanding for harmless error analysis where identification testimony obtained 
in violation of right to counsel was admitted at post-indictment lineup). In 
Satterwhite, the Court explained that it had faith that reviewing courts would 
be able to make an intelligent judgment about whether the erroneous admission 
of evidence obtained in violation of the defendant’s right to counsel might have 
affected the proceeding. Satterwhite, 486 U.S. at 258, 108 S. Ct. at 1798. 
In the instant case we are satisfied that any impropriety in the admission of 
evidence at the initial hearing held on appellant’s motion was attenuated by the 
trial court’s willingness to consider any additional testimony proffered by 
appellant at the second hearing. Point one is overruled. 
        In point two, appellant contends that trial counsel was ineffective in 
failing to communicate the conditional plea bargain offers made by the State. 
We apply a two-pronged test to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First,
appellant must show that his counsel’s performance was deficient; second,
appellant must show the deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A defendant has a right to 
effective assistance of counsel during the plea bargaining process; therefore 
offers made by the State to defense counsel must be communicated to the 
defendant. Turner v. State, 49 S.W.3d 461, 464 (Tex. App.—Fort Worth 
2001, pet. granted). Here, however, there is evidence that the plea offers that 
were made by the State, including the theoretical “conditional” offer discussed, 
were either personally rejected by appellant or never formally made by the State 
because of appellant’s reluctance to accept the offer before it was submitted 
to the family of the victim for approval. Moreover, appellant’s own testimony 
at the second hearing on the motion for new trial, at best, established only that 
he was “willing to consider a plea to some time in the penitentiary,” not that 
he would have accepted the conditions of the offer. [Emphasis supplied.] In 
short, the trial court was faced with conflicting evidence as to whether a plea 
bargain offer, other than the original thirty-year offer appellant admits he 
rejected, was ever made by the State, and equivocal testimony from appellant 
as to whether he would have accepted a conditional offer, had one been made. 
See Ex parte Lemke, 13 S.W.3d 791, 796-98 (Tex. Crim. App. 2000) (ruling 
that prejudice prong of Strickland was satisfied by evidence that defendant 
would have accepted the plea bargain had the offer been communicated by 
counsel). Under such circumstances, we find no support for appellant’s 
contention that counsel was ineffective. Point two is overruled. 
        The trial court’s judgment is affirmed. 


                                                                  JOHN CAYCE 
                                                                  CHIEF JUSTICE 
 
PANEL A:   CAYCE, C.J.; DAY and GARDNER, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 2, 2003