Sheehan v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-401-CR

TERRENCE PATRICK SHEEHAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 
DISTRICT COURT 
OF TARRANT COUNTY

------------

OPINION

------------

Appellant Terrence Patrick Sheehan was convicted in a bench trial of the felony offense of aggravated sexual assault of a child following his open (nonplea bargained) plea of guilty.  At the conclusion of the punishment hearing appellant was sentenced by the court to twenty-five years’ confinement.  Two points are presented on appeal:  (1) the trial court erred in failing to appoint counsel to represent appellant at the hearing held on appellant’s motion for new trial; and (2) appellant received ineffective assistance of counsel.  We will affirm.

Appellant’s specific complaint in point one is that the trial court erred in failing to appoint counsel in connection with the first of two hearings held on appellant’s motion for new trial.
(footnote: 1)  We begin with a review of the pertinent facts.

Appellant filed a pro se motion for new trial alleging that his trial counsel was ineffective, among other things, in failing to timely communicate the results of “plea negotiations” counsel had engaged in with the prosecutor, thereby depriving him of the opportunity to accept or reject the State’s offers.  A hearing was held on appellant’s motion on October 2, 2002.  When it became apparent at the hearing that appellant desired to be represented by counsel, the trial court proposed a solution:

THE COURT:  Well, here’s what I will do.  Since the lawyers are here today what I would like to do would be develop whatever testimony we need to develop as far as the plea negotiation situation.  As I understand the law, if the Court rules that the motion is timely filed, then I have 75 days to rule on that.  And if I don’t rule upon it, it’s overruled by operation of law.  Which we are now about what, 21 days or so into the 75 days from the date of its filing.  I can appoint appellate counsel to represent you today after the conclusion of this hearing.  And if appellate counsel feels, after conferring with you, that there is additional matters that he or she would like to take up within the 75-day period, I still would have jurisdiction under that 75-day window to hear whatever additional testimony we need to hear.  If the counsel feels that there is not any additional testimony and you want to reserve whatever for collateral attack, at least you would have this portion of the testimony for either direct or collateral attack.  

Is that satisfactory?

[APPELLANT]:  Yes, it is, Your Honor.

Two witnesses testified at the hearing: Dawn Rhoden, an Assistant District Attorney for Tarrant County, and Peter Barrett, a Dallas area attorney who represented appellant in the trial court.  Rhoden testified that she was the “primary” prosecutor in the case against appellant and that other than an initial offer of thirty years, which was rejected by appellant, there were no other plea offers.  Barrett’s testimony largely mirrored that of Rhoden.  He testified there was originally an offer by the State in the range of thirty to forty years, but that he had hoped a more “reasonable” offer would be made in the in future and toward that end he had spoken to her about the possibility of a ten-year agreed sentence.  According to Barrett, the more lenient of the proposals discussed in theory would have had a number of conditions, including the approval of the victim’s family and appellant’s agreement to the plea prior to the time Rhoden contacted the family for their approval.  Barrett testified he went over the potential agreement with appellant in his law office a day or two before the sentencing hearing, and that appellant rejected the conditional agreement because he believed he would receive a more lenient sentence based on an anticipated favorable presentence report.  Barrett testified that appellant’s decision not to seek the conditional plea agreement was a tactical decision made by appellant against Barrett’s advice. 

At the conclusion of the hearing, the trial court stated that a lawyer had been appointed to represent appellant on appeal, and that the court would allow appellant the opportunity, if he desired, to present further testimony in connection with his motion for new trial on a later date.  Appellant again agreed. 

Twenty days later, on October 22, 2002, the trial court conducted a second hearing.  Appellant was represented at the hearing by his appointed appellate counsel, Pete Gilfeather.  Without objection to the manner in which the prior hearing had been conducted, Gilfeather called appellant to the stand.  Appellant testified that he had rejected the initial thirty-year offer by the State, but that during a recess at the punishment hearing on August 9, 2002, Katheryn Haywood, an associate lawyer with Barrett’s firm, told him that the State had told Barrett that it might agree to a “15 or 20” year sentence on the condition that “first [the defense] would have to say that that offer was acceptable to us before the State would take it to the family.”  Appellant further testified that as this information was being communicated to him by Haywood, the trial court had taken the bench and was pronouncing the sentence. 

A defendant is constitutionally entitled to the assistance of counsel at all critical stages of a prosecution, including the hearing on a motion for new trial.  
See Trevino v. State
, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978).  On appeal, appellant questions for the first time whether the failure to provide counsel at the initial hearing on the motion for new trial violated the Texas Fair Defense Act,
(footnote: 2) Texas’ statutory procedure ensuring the requisite constitutional right to counsel.  The critical question presented in this case is whether the appointment of counsel during the second of the two hearings held on appellant’s motion satisfied that constitutional requirement and, if not, whether the error can be held harmless.  We do not construe the issue to be whether appellant was given proper 
Faretta
(footnote: 3) warnings at the first hearing, because it is clear from the record that appellant desired to be represented by counsel at the time the motion for new trial was heard.  In other words, the question is not whether appellant was properly admonished on the dangers of self-representation at the first hearing—it is clear from the record that he wanted counsel appointed.  Rather, the issue is whether the appointment of counsel for the second hearing held on appellant’s motion for new trial satisfied the constitutional requirement for the appointment of counsel. 

Viewing all of the circumstances surrounding both hearings held on appellant’s motion for new trial, we conclude appellant was afforded his right to counsel.  While the procedure employed by the trial court was somewhat unorthodox, it is clear that appointed counsel was present at the second hearing and that appellant was, as the State correctly notes in its appellate brief, essentially given the opportunity for a “do over” in connection with the motion.  Appellant’s appointed counsel on appeal was present at and participated in the second of the two hearings, voiced no complaint over any aspect of the proceeding, and was not limited in any respect to the introduction of evidence supporting appellant’s motion.  Under these unique circumstances we are satisfied that there was no violation of appellant’s right to counsel.

Moreover, even if the procedure was improper, any error was harmless beyond a reasonable doubt.  The United States Supreme Court has recognized the application of the harmless error rule to circumstances involving the improper denial of assistance of counsel. 
 See Satterwhite v. Texas
, 486 U.S. 249, 257-58, 108 S. Ct. 1792, 1798 (1988) (applying harmless error test to the admission of psychiatric testimony taken in violation of right to counsel); 
see also Moore v. Illinois
, 434 U.S. 220, 232, 98 S. Ct. 458, 466 (1977) (remanding for harmless error analysis where identification testimony obtained in violation of right to counsel was admitted at post-indictment lineup).  In
 Satterwhite,
 the Court explained that it had faith that reviewing courts would be able to make an intelligent judgment about whether the erroneous admission of evidence obtained in violation of the defendant’s right to counsel might have affected the proceeding. 
 Satterwhite
, 486 U.S. at 258, 108 S. Ct. at 1798.  In the instant case we are satisfied that any impropriety in the admission of evidence at the initial hearing held on appellant’s motion was attenuated by the trial court’s willingness to consider any additional testimony proffered by appellant at the second hearing.  Point one is overruled.

In point two, appellant contends that trial counsel was ineffective in failing to communicate the conditional plea bargain offers made by the State. 
 We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his
 counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064
.  A defendant has a right to effective assistance of counsel during the plea bargaining process; therefore offers made by the State to defense counsel must be communicated to the defendant.  
Turner v. State
, 49 S.W.3d 461, 464 (Tex. App.—Fort Worth 2001, pet. granted).  Here, however, there is evidence that the plea offers that were made by the State, including the theoretical “conditional” offer discussed, were either personally rejected by appellant or never formally made by the State because of appellant’s reluctance to accept the offer before it was submitted to the family of the victim for approval.  Moreover, appellant’s own testimony at the second hearing on the motion for new trial, at best, established only that he was “willing
 to consider
 a plea to some time in the penitentiary,” not that he would have accepted the conditions of the offer.  [Emphasis supplied.]  In short, the trial court was faced with conflicting evidence as to whether a plea bargain offer, other than the original thirty-year offer appellant admits he rejected, was ever made by the State, and equivocal testimony from appellant as to whether he would have accepted a conditional offer, had one been made. 
See Ex parte Lemke
, 13 S.W.3d 791, 796-98 (Tex. Crim. App. 2000) (ruling that prejudice prong of 
Strickland
 was satisfied by evidence that defendant would have accepted the plea bargain had the offer been communicated by counsel).  Under such circumstances, we find no support for appellant’s contention that counsel was ineffective.  Point two is overruled.

The trial court’s judgment is affirmed. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:
 October 2, 2003

FOOTNOTES
1:
Our references to the bifurcated nature of the testimony presented in connection with appellant’s motion as constituting “two” hearings is intended only to clarify the two-part procedure undertaken in the trial court.  Our analysis does not require that a distinction be drawn between whether the second hearing was actually an independent hearing or merely a continuation of the first hearing. 

2:
See
 Tex. Code Crim. Proc. Ann.
 art. 1.051 (Vernon Supp. 2003); 
see also
 Act of May 24, 2001, 77
th
 Leg., ch. 906, § 1, 2001 Tex. Gen. Laws 1800, 1800 (providing that 2001 revisions to article 1.051 may be known as the Texas Fair Defense Act). 

3:
See Faretta v. California
, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975) (holding trial court must admonish defendant on the record of dangers and disadvantages of self-representation).