IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00330-CV

 

In re Sue Walston

 

 



Original
Proceeding

 

 



MEMORANDUM Opinion



 

            Relator’s petition for writ of mandamus is
denied.  Relator’s motion for emergency
relief is dismissed as moot.

 

 

                                                                             PER CURIAM

 

 

 

 

Before
Chief Justice Gray

          Justice Vance, and

          Justice Reyna

          (Justice Reyna not participating)

Writ
denied, Motion for Emergency Relief dismissed as moot

Opinion
delivered and filed November 13, 2004

[OT06]









 






rite( '' );
 }


We find that the affidavit raises “reasonable grounds” for a new trial. Mendoza, 935 S.W.2d at
503.
      However, another line of cases holds that a trial court is not required to consider a motion for
new trial filed after a proceeding to revoke community supervision, because a jury is not involved
in that proceeding. Glaze v. State, 675 S.W.2d 768, 769 (Tex. Crim. App. 1984); Ochoa v.
State, 536 S.W.2d 233, 234 (Tex. Crim. App. 1976); Ausborne v. State, 499 S.W.2d 179, 180
(Tex. Crim. App. 1973); Taylor v. State, 353 S.W.2d 422, 424 (Tex. Crim. App. 1962); Munoz
v. State, 233 S.W.2d 494, 496 (Tex. Crim. App. 1950); Eubanks v. State, 11 S.W.3d 279, 280
(Tex. App.—Texarkana 1999, no pet.); Berry v. State, 976 S.W.2d 735, 737 (Tex. App.—Tyler
1998, no pet.); Gipson v. State, 669 S.W.2d 351, 353 (Tex. App.—Fort Worth 1984, no pet.). 
But the Court of Criminal Appeals cases on which this general rule is based predate the holding
in Reyes that claims of ineffective assistance of counsel are properly raised in a motion for new
trial so that the record can be complete. Reyes, 849 S.W.2d at 815. These cases also do not
address the problem of how other claims based on facts not determinable from the record may be
developed in the trial court without a hearing. We must decide if, after Reyes, the general rule
should be modified.
      The right to effective assistance of counsel extends to the time period for filing and presenting
a motion for new trial after a conviction. Prudhomme v. State, 28 S.W.3d 114, 118-19 (Tex.
App.—Texarkana 2000, no pet.); Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.—Houston
[14th Dist.] 1999, pet. ref’d); Massingill v. State, 8 S.W.3d 733, 736 (Tex. App.—Austin 1999,
no pet.); Burnett v. State, 959 S.W.2d 652, 656 (Tex. App.—Houston [1st Dist.] 1997, pet ref’d). 
It further extends to the hearing on a motion for new trial after conviction. Trevino v. State, 565
S.W.2d 938, 940-41 (Tex. Crim. App. 1978). In addition, it extends to a hearing to revoke
community supervision. Chetwood v. State, 31 S.W.3d 368, 370 (Tex. App.—San Antonio 2000,
pet. ref’d).


 It would be illogical for the right to exist at these critical times in the criminal
proceeding, yet for there not to be, in some instances, a mechanism to compel a hearing at which
facts could be adduced to support an alleged violation of the right. The concern expressed in
Trevino is that a hearing on a motion for new trial is “the only opportunity to present to the trial
court certain matters that may warrant a new trial, and to make a record on those matters for
appellate review.” Trevino, 565 S.W.2d at 940. As a matter of judicial economy, it is preferable
that claims of ineffective assistance of counsel be developed, when possible, at the trial court,
rather than waiting to file for habeas corpus relief under article 11.07. Tex. Code Crim. Proc.
Ann. art 11.07 (Vernon Supp. 2002). Furthermore, Appellate Rule 21.2, stating that a motion
for new trial is a prerequisite for appeal “only when necessary to adduce facts not in the record,”
suggests that if facts not in the record need to be adduced, the trial court should conduct a hearing. 
      The Dallas court reached a similar conclusion in Owens v. State, 763 S.W.2d 489 (Tex.
App.—Dallas, 1988, pet. ref’d). The defendant filed a motion for new trial after probation was
revoked, stating as grounds, inter alia, ineffective assistance of counsel. Id. The trial court
denied the motion. Id. The Dallas court held that the affidavit filed with the motion “comprises
a sufficient pleading to present matters which should have been taken up at a hearing.” Id. at 492. 
The court cited Trevino, said the defendant had been denied “a meaningful appellate review,” and
set aside the revocation.
      We hold that after Reyes, and in keeping with principles of judicial economy, Barnett was
entitled to a hearing on his motion. Accordingly, we remand this cause to the trial court for a
hearing on Barnett’s motion for a new trial. The parties may appeal anew, as prescribed by the
applicable statutes and rules, from the disposition in the trial court of the motion. Price v. State,
826 S.W.2d 947, 948 (Tex. Crim. App. 1992); Mendoza v. State, 935 S.W.2d 501, 504 (Tex.
App.—Waco 1996, no pet.). The appellate timetable for a new appeal shall commence on the
earlier of: (1) the date of the ruling on the motion for a new trial, or (2) the seventy-fifth day after
our mandate issues. Tex. R. App. P. 2, 18.1, 21.8, 26.2, 43.6.
 
BILL VANCE
                                                                   Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Remanded
Opinion delivered and filed May 1, 2002
Publish
[CR25]