ACCEPTED
14-15-00016-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/26/2015 9:41:15 AM
CHRISTOPHER PRINE
CLERK

No. 14-15-00016-CR

IN THE

COURT OF APPEALS

FOR THE

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/26/2015 9:41:15 AM
CHRISTOPHER A. PRINE
Clerk

FOURTEENTH DISTRICT OF TEXAS

AT HOUSTON

_____

WARREN L. HOUSTON
Appellant

VS.

THE STATE OF TEXAS
Appellee

_____

APPELLANT'S MOTION TO
ABATE APPEAL

_____

On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No . 1386667

_____

Jerome Godinich, Jr.
SBN: 08054700
917 Franklin, Suite 320
The Kiam Building
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

ATTORNEY FOR
WARREN L. HOUSTON

TO THE HONORABLE COURT OF APPEALS:

Comes now Jerome Godinich, Jr., attorney appointed to represent the appellant in this cause and files this Motion to Abate Appeal, and in support thereof, respectfully states to the Court as follows:

1.   The appellant was charged by indictment with the offense of Aggravated Robbery alleged to have occurred on May 5, 2013.  (CR  - 011).  On June 16, 2014, the appellant appeared in court and plead "guilty" to the trial court to the charged offense without the benefit of a plea agreement.  No finding of "Guilt" was entered at that time and the case was reset for a sentencing hearing.  (A Pre-Sentence Report was waived.)  (CR  - 041). [1]

2.   On September 22, 2014, the appellant appeared in court for a Sentencing hearing (along with his co-defendant, Charles Pipkin).  After testimony was taken and both sides argued and rested, the appellant was found "Guilty" of the offense of Aggravated Robbery and sentenced to 18 years in the Institutional Division of the Texas Department of Criminal Justice.  (CR - 041). [2]  The trial court filed a Certification of Defendant's Right to Appeal on June 13, 2014.  (CR - 026).

---

[1]  The appellant had a co-defendant by the name of Charles Pipkin (Cause No. 1386666). It appears from the records of the Harris County District Clerk that Mr. Pipkin also plead guilty to the offense of Aggravated Robbery and his case was reset to the same day as the appellant's for sentencing.  The hearings were combined.

[2]  The co-defendant, Charles Pipkin received 12 years in the Institutional Division of the Texas Department of Corrections.

2

3.  A Pro Se Motion for New Trial was filed on October 22, 2014 alleging ineffective assistance by his trial counsel, Cheryl Irvin. (CR - 34-36). No hearing was set to hear the motion, nor was it ruled upon.

4.  Given the fact that the appellant was alleging Ineffective Assistance of Counsel by his trial counsel, Cheryl Irvin, the rebutable presumption that the appellant was still represented by that counsel at the time he was attempting to present and get a ruling on his Motion for New Trial is overcome. Further, since the appellant had not yet filed a Notice of Appeal, he had not yet been appointed counsel on appeal. In short, at the time the appellant filed the Pro Se Motion for New Trial and was attempting to prosecute that motion, he was unrepresented by counsel.

5.  An indigent defendant is entitled to counsel by the sixth amendment to the federal constitution at every "critical" stage of a criminal prosecution where adversarial proceedings have begun absent a valid waiver. *Upton v. State*, 853 S.W.2d 548, 553 (Tex.Crim.App.1993). In *Trevino v. State*, 565 S.W.2d 938 (Tex.Crim.App.1978), it was held that a hearing on a motion for new trial is such a critical stage of a criminal proceeding during which a defendant is entitled to counsel. *Id*. at 940. The Court of Criminal Appeals further held that, as a matter of federal constitutional law, the time for filing a motion for new trial is a critical stage of the proceedings, and that a defendant has a constitutional right to counsel during that period. *Cooks v. State*, 240 S.W.3d 285 (Tex. Crim. App. 2007).

6.	In his Motion for New Trial, the appellant alleged that his trial counsel failed to properly prepare defense witnesses (including the appellant himself) for their testimony at trial. This is a cognizable claim that requires developing through additional testimony. However, given that the appellant had no attorney to assist him during this process, the Motion was totally unsupported by any affidavits and the appellant failed to obtain a hearing or a ruling.

7.	The appellant requests that this appeal be abated and the case be returned to the trial court so that the appellant's counsel on appeal can properly investigate and present the appellant's Motion for New Trial.

GIVEN THE ABOVE, Jerome Godinich, Jr., attorney for Warren Houston, the appellant, prays that this appeal be abated and that the appellant be allowed to file an out-of-time Motion for New Trial with the Assistance of Counsel.

Respectfully Submitted

/s/ Jerome Godinich, Jr.
Jerome Godinich, Jr.
SBN: 08054700
The Kiam Building
929 Preston, Suite 200
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889

4

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this the 26th day of August, 2015 to wit:

Alan Curry
Appellate Division
Harris County District Attorney's Office
1201 Franklin
Houston, Texas 77002

/s/ Jerome Godinich, Jr.
Jerome Godinich, Jr.
929 Preston, Suite 200
Houston, Texas 77002
Tel: (713) 237-8388
Fax: (713) 224-2889