Kevin Dale **CALLIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–1122–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1988.

Kenneth W. Smith, Houston, for appellant.

---

John B. Holmes, Dist. Atty., Harris County, John F. Carroll, Asst. Dist. Atty., for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION ON APPELLANT'S OBJECTION TO THE RECORD

PER CURIAM.

On August 20, 1988, we remanded this case to the trial court pursuant to Tex.R. App.P. 55 for a hearing and findings concerning whether the record accurately reflects the date on which appellate counsel was appointed. Appellant had filed a sworn objection to the record contending that he was not appointed on December 9, 1987, as reflected by the order in the transcript, and that the true date of his appointment was January 15, 1988. The date of appointment is critical because sentence was imposed on December 9, 1987, and a motion for new trial, if desired, was required to be filed within 30 days of this date. Tex.R.App.P. 31(a)(1). If appellate counsel was not appointed until January 15, more than 30 days after December 9, then appellant has been denied his sixth amendment right to counsel during a critical stage of the prosecution. *Trevino v. State*, 565 S.W.2d 938, 941 (Tex.Crim.App. 1978). Appellant requested, in his objection, that this case be abated and remanded to the trial court so that he may file a motion for new trial.

The trial court conducted a hearing, heard testimony, and filed findings of fact in which he concluded that the record does not accurately reflect the date of appellate counsel's appointment and that the appointment date cannot be determined. The transcript also reflects a notation on the docket sheet describing appellant's trial and sentence, and that counsel on appeal was "to be determined." Further, the December 31, 1987 notice of assignment to the First Court of Appeals, also contained in the transcript, shows that appellate counsel was "to be determined." Although appel-

lant's trial counsel filed a notice of appeal on December 9, the notation on the docket sheet shows that the trial court had concluded that trial counsel would have no further involvement in the case.

Additionally, a motion for new trial is a post-trial review proceeding and is not part of the trial itself, *id.;* therefore, it may be assumed that trial counsel regarded the motion for new trial as part of the appeal, a stage of the proceeding that he was not appointed to prosecute. Moreover, if appellate counsel was not determined until January 15, appellant was effectively denied the right to counsel during the period in which a desired motion for new trial was required to be filed. Any conclusion, based upon the record before us, that appellant was represented at this stage of the proceedings would be sheer speculation.

"In some cases where an accused's constitutional rights are in conflict with a valid procedural rule of law the procedural rule must yield to the superior constitutional right." *Whitmore v. State*, 570 S.W.2d 889, 898 (Tex.Crim.App.1976) (op. on reh'g) (the trial court properly considered an untimely motion for new trial). Here, the appellant has successfully met his burden of showing that he was not represented by counsel during a critical stage of the prosecution, and we hold that "good cause" exists under Tex.R.App.P. 2(b) to suspend the requirement contained in Tex.R.App.P. 31(a) that appellant file or amend his motion for new trial within 30 days of the imposition of sentence.

Under *Trevino*, we set aside the sentence and notice of appeal and order the cause returned to the trial court so that appellant may be afforded 30 days to file a motion for new trial. 565 S.W.2d at 941–42. This disposition is required because appellant was denied the right to counsel before sentence was imposed. *Id.*

Accordingly, those portions of Tex.R. App.P. 31(a), which require that appellant file or amend his motion for new trial within 30 days of the imposition of sentence are suspended, the sentence and notice of appeal are set aside, and the cause is remand-

ed to the trial court to afford appellant 30 days to file a motion for new trial. Thereafter, the provisions of Tex.R.App.P. 41(b) for giving notice of appeal should be followed.