Wayne L. COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–01078–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 18, 1990.

Joe Fleming, Michael Charlton, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., for appellee.

Before EVANS, C.J., and HUGHES and O'CONNOR, JJ.

## OPINION

PER CURIAM.

On March 15, 1990 this Court entered an order abating this appeal and remanding the case to the trial court. Through oversight, however, we neglected to issue a mandate. This opinion now issues to correct that omission. The history of this case follows.

Appellant was convicted of conspiracy to commit capital murder and, on October 27, 1989, he was sentenced to life imprisonment. Counsel on appeal was not appointed until November 29, 1989, 33 days after sentencing.

TEX.R.APP.P. 31(a) requires that any motion for new trial must be filed within 30 days of judgment and sentencing. Therefore appellant was deprived of counsel at a critical stage of the proceedings against him. *Callis v. State,* 756 S.W.2d 826 (Tex. App.—Houston [1st Dist.] 1988, no pet.); *Trevino v. State,* 565 S.W.2d 938 (Tex. Crim.App.1978).

Under these circumstances we ordered an abatement to allow appellant time to file a motion for new trial. The *Trevino* court set out the proper procedure for such an abatement:

> Because ... appellant was denied counsel at a stage of the review process prior to sentence and notice of appeal, we set aside the sentence and notice of appeal and return the cause for a hearing on the motion for new trial and an orderly course of subsequent events. In the event appellant's motion for new trial is denied, sentence should then be pronounced and notice of appeal may be given.... Thereafter the provisions of Art. 40.09 [now TEX.R.APP.P. 30, et seq] should be followed.... 565 S.W.2d at 941.

An order under *Trevino* and *Callis* has the effect of reinstating jurisdiction of the case in the trial court and returning appellant to that stage of the proceeding following the judgment and assessment of sentence but before the imposition of sentence and the filing of notice of appeal. Since notice of appeal has been set aside, the case is no longer "on appeal" and should not remain in this Court. For this reason, a mandate should issue, disposing of the appeal.

If appellant's motion for new trial is granted, his case will be retried accordingly. If appellant's motion is denied, "an orderly course of subsequent events" should follow. This means that the trial court must then pronounce sentence and appellant must give timely written notice of appeal. 565 S.W.2d at 941.

Notice of appeal after the filing of a motion for new trial is timely if it is given "within ninety days *after the day sentence is imposed* or suspended in open court." TEX.R.APP.P. 41(b). Hence the necessity of resentencing. Upon the giving of notice of

appeal, the case will be filed anew in the appellate court.

Through oversight, we failed to issue a mandate in the instant case. Accordingly, we now issue the mandate disposing of appellant's appeal.

If appellant's motion for new trial is overruled, he should be re-sentenced by the trial court. Appellant then may give timely notice of appeal according to the rules.