Sergio ORTEGA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04-92-00084-CR, 04-92-00085-CR.

Court of Appeals of Texas,
San Antonio.

Sept. 9, 1992.

Karen Amos, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Diane Cruz, Daniel Thornberry, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before PEEPLES, BIERY, and GARCIA, JJ.

OPINION

PEEPLES, Justice.

Appellant was charged with committing armed robberies in November and December 1990 at two locations of Fred's Fish Fry in San Antonio. He was represented at trial by appointed counsel; both causes were heard in the same proceeding. At that trial, appellant pleaded no contest to the charges, was found guilty, and was sentenced in accordance with a plea bargain to 28 years in prison. The trial court refused his request for permission to appeal. He now brings two points of error, alleging (1) that he was deprived of counsel during the period for filing a motion for new trial, and (2) that his plea of no contest was rendered invalid because the trial court misled him concerning his appeal rights. We affirm.

Appellant's first point is premised on the belief that the responsibilities of the counsel appointed to represent him at trial ended when the trial proceedings ended on January 6, 1992. This is not the case. "[A]ppointed trial counsel remains as the defendant's counsel *for all purposes until he is expressly permitted to withdraw,* even if the appointment was for the trial only." *Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App.1987) (emphasis added).

Appellant relies on *Callis v. State,* 756 S.W.2d 826 (Tex.App.—Houston [1st Dist.] 1988, no pet.). But the record there reflected that representation by Callis' appointed trial counsel had ended, with the trial court's knowledge during the period for filing a motion for new trial. There is nothing in the record before us to indicate the appointed trial counsel sought or was permitted to withdraw, or otherwise was replaced by counsel, until February 25, 1992, when new counsel was appointed. If there was reason to file a motion for new trial,[1] it was the responsibility of the appointed trial counsel to take that step before February 5, 1992. Tex.R.App.P. 34. The fact that he did not do so does not mean that appellant was denied his right to counsel during the relevant period of time. Appellant's first point of error is overruled.

Appellant's second point of error asserts that his plea of no contest was rendered invalid "because the court misled Appellant into believing his appeal would be effective." He relies on *Larson v. State,* 759 S.W.2d 457 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd) *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989), which says that "a plea is rendered invalid if the trial court promises a defendant rights which do not exist." *Id.,* 759 S.W.2d at 461.

The trial court admonished appellant that if the court conformed its sentence to the agreement reached in the plea bargain, "you'll lose any right of appeal unless I consent to the appeal . . . or the appeal was based on written pretrial motions." After a number of other admonitions by the court, and assurances by appellant that he understood what rights he was giving up, the trial court accepted his plea and imposed a sentence in accordance with the plea bargain. The court then told appellant:

> You have 30 days to file motions for a new trial or in arrest of judgment, or to give notice of appeal to the Court of Appeals. *However, I have honored your agreements, and I do not consent to an appeal, so any appeal would have to be based on pretrial motions.*

(Emphasis added.) Appellant was not misled by the trial court. The court's statements after entry of the plea were no different from what appellant had been told before. It is not error to reiterate at that point what a defendant's appeal rights are.

Appellant also argues that this statement was somehow error because "the trial court knew or should have known that any appeal under the facts and circumstance[s] of the instant case would not be effective." The implication of this argument is that a trial court should not advise a defendant of appeal rights where the trial court believes an appeal would be unsuccessful. We reject that notion.

Appellant's second point is overruled, and the judgment of the trial court is affirmed.

___

1. Appellant states in his brief that "Had Appellant not [been] denied his right to counsel his motion for new trial would have most certainly raised numerous meritorious defenses." He does not enlighten us further on this, and our own review of the record does not suggest any reason why a motion for new trial should have been filed or granted.