Roslyn Henry OLDHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00139–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1994.

Rehearing Overruled Oct. 27, 1994.

Kenneth W. Slack, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Roslyn Henry Oldham, appellant, appeals her conviction for the offense of forgery. *See* TEX. PENAL CODE ANN. § 32.21 (Vernon 1989). The jury rejected her not guilty plea and the court assessed punishment at three (3) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We remand for further proceedings in accordance with this opinion.

On January 13, 1992, a jury found appellant guilty of a forgery which occurred on January 9, 1989. She was sentenced the same day. Appellant filed notices of indigency and of appeal, pro se, on February 10, 1992. Appellate counsel was appointed on March 16, 1992, sixty-two days after sentence was imposed and thirty-three days after the deadline for filing a motion for new trial had passed.

On March 16, 1992, appellant's counsel filed a motion to abate the appeal on the grounds that appellant had been denied counsel during the thirty day period for filing

a motion for new trial. On April 9, 1992, appellant's counsel filed an amended motion for abatement of appeal. On April 16, 1992, this Court overruled appellant's motion for abatement of the appeal.

Appellant raises fifteen points of error. However, since points of error twelve through fifteen are dispositive of the case, we decline to discuss points of error one through eleven. In points of error twelve through fifteen, appellant contends that she was denied her constitutional right to counsel during a critical phase of the judicial proceedings. We agree.

Texas Rule of Appellate Procedure 31(a)(1) requires that if a motion for new trial is to be filed, it must be done within thirty days of sentencing. *See* TEX.R.APP.P. 31(a)(1). However, Texas Rule of Appellate Procedure 2(b) allows this Court to extend the thirty day deadline for "good cause" shown. *See* TEX.R.APP.P. 2(b).

Appellant claims that her trial attorney was released on the day of sentencing, and since appellate counsel was not appointed until sixty-two days later, she was therefore without assistance of counsel during the statutory time period for filing a motion for new trial. Appellant contends that this lack of counsel constitutes "good cause" sufficient to allow us to extend the deadline for filing. The state argues, however, that since there is no evidence on the record that her trial attorney was released, appellant was still represented by counsel.

■ Under the black letter of the law, the state is correct. "Appointed trial counsel remains as the defendant's counsel *for all purposes* until he is expressly permitted to withdraw, even if the appointment was for the trial only." *Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App.1987) (emphasis added). The Court of Criminal Appeals, however, has recognized that while an appellant might *officially* be represented by counsel, when a trial attorney believes that his representation has ceased after trial, "it is apparent that appellant as a practical matter receive[s] *no* assistance . . ." of counsel. *Id.* at 800 (emphasis in original). This lack of counsel is a violation of appellant's Fourteenth Amendment due process rights under the

Federal Constitution and Art. I, § 10 of the Texas Constitution. *Id.* In this case, since appellant's trial attorney also seemed to believe his representation of appellant ended after trial, and there is no indication in the record that the trial attorney ever requested or was allowed to withdraw, appellant was likewise, "as a practical matter," without assistance of counsel.

■ Now that we have decided that appellant was denied the right to counsel, we must determine whether that denial occurred at a critical stage of the judicial process. In *Trevino v. State,* appellant's counsel was unable to attend the hearing on appellant's motion for new trial. 565 S.W.2d 938, 940 (Tex. Crim.App.1978). However, the trial court heard and overruled the motion without appellant's counsel present. *Id.* The Court of Criminal Appeals held that "without doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial . . . ." *Id.* If the hearing on a motion for a new trial is a critical stage of the proceedings, then logic dictates that the time period for filing the motion is also a critical stage of the proceedings. Obviously, if appellant is not allowed to file a motion for new trial, then she will not have her opportunity to present to the trial court reasons for a new trial any more than did the appellant in *Trevino.*

■ The Houston, First District, Court of Appeals has come to the same conclusion on almost identical facts. *See Cox v. State,* 797 S.W.2d 958 (Tex.Civ.App.—Houston [1st Dist.] 1990, no writ); *Callis v. State,* 756 S.W.2d 826 (Tex.Civ.App.—Houston [1st Dist.] 1988, no writ). In both *Cox* and *Callis,* appellate counsel was not appointed until after the statutory deadline for filing a motion for new trial had passed. *Cox,* 797 S.W.2d at 959; *Callis,* 756 S.W.2d at 827. In both cases, the First District Court of Appeals, relying on *Trevino,* held that the failure to appoint counsel for appeal until after the deadline for filing a motion for new trial had passed was a denial of the right to counsel at a critical stage of the proceedings. *Cox,* 797

S.W.2d at 959; *Callis,* 756 S.W.2d at 827. We agree with the First District Court of Appeals and decline to follow the San Antonio Court of Appeals' contrary ruling in a nearly identical case. *See Ortega v. State,* 837 S.W.2d 831 (Tex.Civ.App.—San Antonio 1992, no writ).

In *Ortega,* counsel for appeal was not appointed until after the deadline for filing the motion for new trial had passed. *Id.* at 832. Relying on *Callis,* appellant contended that his right to counsel had been violated. *Id.* The court, however, distinguished *Callis* on the ground that in *Callis,* trial counsel had affirmatively withdrawn, while in the instant case, there was no record that trial counsel had requested or been permitted to withdraw from representation. *Id.* The court then cited *Ward* for the proposition that "appointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only." *Id.* (citing *Ward,* 740 S.W.2d at 798). The *Ortega* court went on to hold that since appellant was still *officially* represented, appellant was not denied his right to counsel. *Id.* The San Antonio court, however, failed to apply the second half of *Ward* where the Court of Criminal Appeals held that even though appellant was still *officially* represented by counsel, because appellant's trial counsel *mistakenly* believed his representation had ceased after trial, appellant essentially received *no assistance at all* from counsel, in violation of his due process rights under the Federal and Texas Constitutions. *Ward,* 740 S.W.2d at 800.

■ Therefore, applying the rules of *Ward* and *Trevino* to the facts at hand, it is clear that appellant was denied her right to counsel at a critical stage of the judicial proceedings. We conclude that good cause has been shown under Texas Rule of Appellate Procedure 2(a) to suspend the requirement of Texas Rule of Appellate Procedure 31(a) that appellant file her motion for new trial within thirty days of sentencing. *See* Tex.R.App.P. §§ 2(a) & 31(a). Accordingly, appellants twelfth through fifteenth points of error are sustained.

■ Since we have determined that appellant was denied her right to counsel, we must order appellant's appeal abated to allow appellant time to file a motion for new trial. The *Trevino* court outlined the proper procedure to follow:

> Because ... appellant was denied counsel at a stage of the review process prior to sentence and notice of appeal, we set aside the sentence and notice of appeal and return the cause for a hearing on the motion for new trial and an orderly course of subsequent events. In the event appellant's motion for new trial is denied, sentence should then be pronounced and notice of appeal may be given.... Thereafter the provisions of Art. 40.09 [now Tex. R.App.P. 30, et seq.] should be followed....

*Trevino,* 565 S.W.2d at 941.

The type of order required by *Trevino* reinstates jurisdiction in the trial court and returns appellant to the point after judgment and assessment of sentence, but before imposition of sentence and filing of notice of appeal. Therefore, since the appeal must be set aside to allow appellant to file her motion for new trial, this case cannot remain in this Court. For this reason, we must issue a mandate disposing of this appeal. *Cox,* 797 S.W.2d at 959 (citing *Trevino,* 565 S.W.2d at 941).

If appellant's motion for new trial is granted, then her case will be retried. If the motion is denied, the trial court should pronounce sentence and appellant may give notice of appeal within ninety days after sentencing. *Id.; See also* Tex.R.App.P. § 41(b). After appellant files her timely notice of appeal, the case will be refiled in the appellate court.

Accordingly, the sentence and notice of appeal are set aside and the cause is remanded to the trial court for a hearing on the motion for new trial and for the orderly conduct of subsequent post-trial proceedings, in accordance with this opinion.