**Don Gene BOYETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00531–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1995.

Shawna L. Reagin, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Baldwin Chin, Houston, for appellee.

Before O'CONNOR, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

A jury convicted appellant, Don Gene Boyette, of delivery of a controlled substance. After finding an enhancement allegation to be true, the trial court sentenced appellant to 15–years imprisonment. In his sole point of error, appellant contends that he was denied the constitutional right to counsel during a critical phase of the judicial proceedings. We remand this case for further proceedings consistent with the opinion of this Court.

### The Facts

This case deals with "the ambiguity of representation which all too often follows a conviction." *Ward v. State*, 740 S.W.2d 794, 797 (Tex.Crim.App.1987). On August 27, 1993, the trial court appointed Michael Barrow as appellant's counsel. Appellant was convicted on May 25, 1994, and sentence was imposed on May 26, 1994. On May 26, appellant filed *pro se* a notice of appeal and a motion requesting the court to appoint counsel to represent him on appeal. The trial court set appellant's appeal bond at $0. Barrow did not withdraw as appellant's counsel. No other action was taken in this case until July 11, 1994, when the trial court appointed counsel to represent appellant on appeal. This was more than 30 days after the imposition of appellant's sentence.

A defendant in a criminal case has 30 days after sentence is imposed in open court to file a motion for new trial. TEX.R.APP.P. 31(a)(1). However, the rules provide that this Court may extend the 30–day deadline for "good cause" shown. *See* TEX.R.APP.P. 2(b). Appellant asserts that he was not represented by counsel during the time period between the imposition of his sentence and the expiration of the 30–day deadline for filing a motion for new trial. Therefore, he requests this Court to set aside his sentence and to remand this case to the trial court so he can file a motion for new trial. *See Trevino v. State*, 565 S.W.2d 938, 940 (Tex. Crim.App.1978).

### Analysis

█ It is well-settled that a hearing on a motion for new trial is a critical stage of the criminal prosecution in which a defendant is entitled to be represented by counsel. *See Trevino*, 565 S.W.2d at 940. Several cases have analyzed the applicability of *Trevino* in cases when a motion for new trial is not timely filed on behalf of the defendant. In *Callis v. State*, 756 S.W.2d 826, 827 (Tex. App.—Houston [1st Dist.] 1988, no pet.), the

transcript contained a notation on the docket sheet that showed that the trial court knew before the period for filing a motion for new trial expired that representation by the defendant's appointed trial counsel had concluded. The defendant was not appointed appellate counsel until more than 30 days after the date that sentence was imposed. *Id.* We held that the defendant successfully met his burden of showing that he was not represented by counsel during a critical stage of the prosecution and therefore "good cause" existed under TEX.R.APP.P. 2(b) to suspend the requirement in TEX.R.APP.P. 31(a)(1) that the defendant file or amend his motion for new trial within 30 days of the imposition of sentence. *Id.* In *Cox v. State,* 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.), the defendant's counsel on appeal was not appointed until over 30 days after sentencing. This Court issued a mandate disposing of the defendant's appeal so that he could file a motion for new trial. *Id.* at 960.

■ The rule is less certain when a defendant's trial attorney remains as counsel of record during the period for filing a motion for new trial but does not file a motion for new trial. An appointed attorney's responsibilities do not automatically terminate at the end of trial. *Ex Parte Galvan,* 770 S.W.2d 822, 823 (Tex.Crim.App.1989). Rather, the Code of Criminal Procedure provides that an attorney appointed to represent a defendant in a felony case "shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." TEX. CODE CRIM.P.ANN. art. 26.04 (Vernon 1989). In *Ortega v. State,* 837 S.W.2d 831, 831 (Tex. App.—San Antonio 1992, no pet.), the court did not appoint defendant appellate counsel until after the time for the filing of a motion for new trial had already expired. However, the defendant's trial counsel did not withdraw during this period. *Id.* at 832. The court of appeals overruled the defendant's assertion that his appeal should be abated because he was deprived of counsel during the period for filing a motion for new trial. *Id.* In doing so, the court noted that appointed trial counsel remains as the defendant's counsel for all purposes until he expressly withdraws, even if the appointment was only for trial. *Id.* Therefore, the court held that the defendant's trial counsel had the responsibility to file the defendant's motion for new trial, and the fact that he did not do so did not deprive the defendant of counsel during the relevant period of time. *Id.* The court distinguished *Callis* by noting that the trial court's docket sheet in *Callis* showed that it knew during the period for filing a motion for new trial that the defendant's appointed trial counsel had ceased representation. *Id.*

The Fourteenth Court of Appeals took exception with *Ortega* in *Oldham v. State,* 889 S.W.2d 461, 463 (Tex.App.—Houston [14th Dist.] 1994, pet. granted). In that case, the defendant was convicted and sentenced on January 13, 1992, and she filed *pro se* notices of indigency and appeal on February 10, 1992. However, the trial court did not appoint appellate counsel for the defendant until March 16, 1992, 62 days after the imposition of sentence and 33 days after the deadline for filing a motion for new trial had passed. *Id.* at 461. Although trial counsel for the defendant was not released, the court held that the defendant did not have assistance of counsel as a practical matter because "appellant's trial attorney also seemed to believe his representation of appellant ended after trial, and there is no indication in the record that the trial attorney ever requested or was allowed to withdraw." *Id.* at 462. The Court of Criminal Appeals granted petition for discretionary review in *Oldham* and has not yet issued its opinion in the case.

Both *Ortega* and *Oldham* rely on *Ward.* In that case, the trial court revoked the defendant's probation, and the defendant's trial counsel filed a written notice of appeal. 740 S.W.2d at 795. However, after receiving notice that a transcript had been filed, counsel notified the court of appeals that his representation was limited to the trial only. *Id.* After the period had already expired for the filing of a written statement that specified which documents to include in the record on appeal, the trial court appointed appellate counsel for the defendant. *Id.* Nevertheless, appellate counsel attempted to desig-

nate the transcription of the statement of facts for inclusion in the record and requested an extension of time in which to file the statement of facts. *Id.* The court of appeals denied the motion. *Id.* Counsel subsequently filed a motion to abate the appeal and return the case to the posture that it occupied at the moment the notice of appeal was given on the basis that the failure of counsel to designate the record timely constituted ineffective assistance of counsel on appeal. *Id.* at 795–96. The Court of Criminal Appeals held that the defendant's appointed trial counsel remained as the defendant's counsel for all purposes until expressly permitted to withdraw, and the defendant in effect received no assistance of counsel because trial counsel incorrectly believed that his representation had ended after trial. *Id.* at 798–800.

▮▮▮ We find the rationale in *Ward* instructive to the facts of this case. Although appellant was officially represented by his trial counsel during the period for filing a motion for new trial, the record shows that both appellant's trial counsel and the court erroneously believed that the trial counsel's representation ended at the close of trial. As noted, appellant filed *pro se* a notice of appeal on the day after he was sentenced. A notice of appeal signed solely by the defendant is an indication that trial counsel does not intend to pursue his client's appeal. *Ex Parte Axel,* 757 S.W.2d 369, 374 (Tex.Crim. App.1988). When a notice of appeal is accompanied by a written motion by trial counsel to withdraw, the trial court is placed on immediate notice that appellate counsel must be appointed. *Id.* Although no motion to withdraw was filed in this case, we are still of the opinion that the trial court was placed on immediate notice of the need to appoint appellate counsel. The record shows that, on the day that appellant was sentenced, the court was aware that appellant had filed a *pro se* notice of appeal.

▮▮▮ We cannot speculate why the Court of Criminal Appeals has granted the State's petition for discretionary review in *Oldham.* Nevertheless, the facts of this case favor a remand more strongly than the facts of *Oldham.* Unlike the defendant in *Oldham,* who

waited for almost a month before filing her *pro se* affidavits of indigency and notice of appeal, appellant filed his notices on the same day that he was sentenced. Therefore, the trial court knew from the beginning that appellant needed an appointed counsel for his appeal.

As in *Axel* and *Ward,* the relevant question for our consideration is whether appellant was denied effective assistance of trial counsel. The court in *Axel* and *Ward* held that the defendants were *per se* denied effective assistance of counsel when their attorneys did not take steps necessary to preserve their appeals because the attorneys incorrectly believed that representation ended at the close of the trial. *Axel,* 757 S.W.2d at 374 (attorney did not assist appellant in filing notice of appeal); *Ward,* 740 S.W.2d at 800 (attorney did not designate appellate record and therefore did not have statement of facts included in record). Likewise, we hold that appellant in this case was denied assistance of counsel when his trial attorney abandoned him during a critical stage of trial because he erroneously believed that his representation of appellant ended at the close of trial.

We conclude that appellant has shown good cause under TEX.R.APP.P. 2(a) to suspend the requirement of TEX.R.APP.P. 31(a) that appellant file his motion for new trial within 30 days of sentencing. We sustain appellant's sole point of error.

Without disturbing the trial court's judgment of conviction, we remand this case to the trial court with instructions that all applicable appellate time tables be calculated to begin upon the trial court's receipt of the mandate.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. Nothing in the Texas Rules of Appellate Procedure or in the Code of Criminal Procedure permits us to abate this appeal and reinstate it to allow the appellant to file a motion for new trial.

The majority abates this case on the ground that the appellant was not represented by counsel at a critical stage in the crimi-

nal prosecution. The appellant was represented by counsel. The majority equates the appellant's ineffective representation to no representation. If we could re-start every case in which the appellant contends he was represented by ineffective counsel, there would never be an end to a criminal prosecution. We simply have no authority to do what the majority does today.

Contrary to the majority's opinion, TEX. R.APP.P. 2(b) does not permit us to suspend the rules of procedure in this case. The Court of Criminal Appeals recently held that rule 2(a) does not permit a court of appeals to enlarge the appellate time periods. *Garza v. State*, 896 S.W.2d 192, 194 (Tex.Crim.App. 1995). Rule 2(a) specifically states that nothing in the rules permits the court of appeals to extend its jurisdiction. *Id.; Torres v. State*, 804 S.W.2d 918, 920 (Tex.App.—El Paso 1991, op. on order). By abating this appeal we are extending both our jurisdiction and that of the trial court.

I disagree with this Court's decision in *Callis v. State*, 756 S.W.2d 826, 827 (Tex. App.—Houston [1st Dist.] 1988, no pet.), where we set aside a sentence and remanded the case to permit the defendant to file a motion for new trial.

I would deny the motion to abate and consider the appeal on the merits of the brief. The appellant should proceed with his direct appeal and may initiate a writ of habeas corpus action in the trial court. *Torres*, 804 S.W.2d at 920.