**Roslyn Henry OLDHAM, Appellant,**

v.

**The STATE of Texas.**

**No. 1350–94.**

Court of Criminal Appeals of Texas, En Banc.

June 19, 1996.

Kenneth W. Smith, Houston, for appellant.

Timothy G. Taft, Asst. Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was charged by indictment with the offense of forgery, V.T.C.A. Penal Code, § 32.21, alleged to have been committed on or about January 9, 1989 in Harris County. On January 13, 1992 appellant was found guilty by a jury of forgery and the trial court assessed punishment at three years confinement in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). The Fourteenth Court of Appeals held that Appellant had been denied her right to counsel at a critical stage of the judicial proceedings and set aside the sentence and notice of appeal and remanded the cause to the trial court for a hearing on the motion for new trial. *Oldham v. State*, 889 S.W.2d 461 (Tex. App.—Houston [14th] 1994). We granted the State's petition for discretionary review on two questions:

1. Whose burden is it to show that an appellant was or was not abandoned by trial counsel during a critical stage of the prosecution?

2. May an appellate court suspend application of the rules of appellate procedure without any firm basis in the record for finding good cause?

We have carefully considered the two questions for review and the briefs before us. After due consideration, we find that the State's petition for discretionary review was improvidently granted. As is true in every case where discretionary review is refused, this refusal certainly does not constitute any endorsement of the reasoning employed or language used by the court of appeals. *Aguilar v. State*, 830 S.W.2d 612 (Tex.Cr. App.1992); *Crowley v. State*, 830 S.W.2d 613 (Tex.Cr.App.1992); *McGee v. State*, 825 S.W.2d 709 (Tex.Cr.App.1992); *Montgomery v. State*, 827 S.W.2d 324 (Tex.Cr.App.1992); *Sheffield v. State*, 678 S.W.2d 82 (Tex.Cr. App.1984); *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). Accordingly, the petition for discretionary review is dismissed.

WHITE and MEYERS, JJ., dissent.

OVERSTREET, Judge, concurring.

Today this Court decides that our decision to grant review was improvident. I fully agree that appellant in this case is entitled to the relief of being represented by counsel during the time period wherein she has the opportunity to file a motion for new trial pursuant to Tex.R.App.Pro. 31(a)(1). I am satisfied that the court of appeals' opinion effectively accomplishes this end but write separately to distinguish why I believe the court of appeals decision should be sustained and why our decision to dismiss as improvidently granted is acceptable.

Appellant was charged by indictment with the offense of forgery, Tex. Penal Code Section 32.21 (Vernon 1989), alleged to have been committed on or about January 9, 1989, in Harris County. On January 13, 1992, a jury found Appellant guilty of forgery; the trial court assessed punishment at three years confinement in the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID). The Fourteenth Court of Appeals held that appellant had been denied her

right to counsel at a critical stage of the judicial proceedings and ultimately remanded the cause to the trial court for a hearing on the motion for new trial and the orderly conduct of subsequent post-trial proceedings in accordance with its opinion. *Oldham v. State*, 889 S.W.2d 461 (Tex.App.—Houston [14th] 1994). We granted the State's petition for discretionary review on two questions/grounds:

1. Whose burden is it to show that an appellant was or was not abandoned by trial counsel during a critical stage of the prosecution?
2. May an appellate court suspend application of the rules of appellate procedure without any firm basis in the record for finding good cause?

## I. SUMMARY OF PERTINENT FACTS

On January 13, 1992, a jury found Appellant guilty of forgery; she was sentenced the same day. It is undisputed that appellant had retained counsel during the trial and sentencing. On February 10, 1992, appellant filed pro se notices of indigency and of appeal. On March 16, 1992, the trial court appointed appellate counsel. The appointment of counsel occurred sixty-three days after sentence was imposed and thirty-three days after the deadline for filing a motion for new trial had expired.

On March 16, 1992, appellant's appointed counsel filed a motion to abate the appeal on the grounds that she had been denied counsel during the thirty-day period for filing a motion for a new trial. On April 9, 1992, appellant's appointed counsel filed an amended motion for abatement of appeal. On April 16, 1992, the Fourteenth Court of Appeals overruled appellant's motion for abatement of appeal.

On appeal, appellant raised fifteen points of error. The court of appeals held that points of error twelve through fifteen were dispositive of the case and declined to discuss points of error one through eleven. *Oldham v. State*, 889 S.W.2d 461, 462 (Tex.App.—Houston [14th] 1994). In points of error twelve through fifteen, appellant contended that she was denied her constitutional right to counsel during a critical phase of the

judicial proceedings. The Fourteenth Court of Appeals agreed and remanded the case to the trial court for a hearing on the motion for a new trial. In accordance with Texas Rule of Appellate Procedure 2(b), the court of appeals held that Appellant had demonstrated "good cause" for extending the deadline for filing a motion for new trial. *Id.* at 463.

## II. ANALYSIS OF STATE'S CLAIMS

The State contends that there is no evidence on the docket sheet that appellant's trial attorney was released, and that therefore she was still technically represented by counsel. The court of appeals held that it was clear that appellant was denied her right to counsel at a critical stage of the judicial proceedings.

In addition, the State urges us to mandate that "good cause" be evinced by a foundation upon the record before the Rules of Appellate Procedure can be suspended by a court of appeals or even by this Court. The court of appeals held that good cause was shown to suspend the Rules of Appellate Procedure.

In *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr. App.1992), this Court decided that it would decline to substitute its own judgment for that of the court of appeals, even if this Court's decision might be different on a question presented. "So long as it appears that [the court of appeals] ha[s] discharged [its] duty conscientiously by impartial application of pertinent legal doctrine and fair consideration of the evidence, it is our duty in turn to respect [its] judgments." *Id.* at 360. While we recognize that *Arcila* involved a defendant's petition for discretionary review and the instant cause is the result of the State's petition for discretionary review, such is not a reason for disparate treatment.

## III. CONCLUSION

In answer to the State's question/ground for review number one, the burden of proof to show abandonment of counsel is upon the appellant. In the instant case, the court of appeals found that appellant met that burden. In answer to the State's question/ground for review number two, an ap-

pellate court for good causes shown may suspend requirements and provisions of any of the Rules of Appellate Procedure in a particular case. In the instant case, the court of appeals found good cause to suspend the rules.

Based on *Arcila, supra,* we should decline to substitute our judgment in the instant cause for that of the court of appeals. Therefore the judgment of the court of appeals should be sustained by this Court and an improvident grant dismissal appropriately does so.

MEYERS, Judge, dissenting.

This case brings with it a somewhat odd procedural history, which I now recount so that the reader can follow my subsequent discussion of the pertinent legal issues: A jury found appellant guilty of forgery and the trial court assessed her punishment at three years confinement. A little over a month later appellant filed pro-se notices of indigency and appeal. A month after that, and well after the deadline for filing a motion for new trial had passed, she was appointed appellate counsel. Appellant then twice moved the Court of Appeals to abate the appeal, claiming that she had been denied counsel during the "critical" thirty day period for filing a motion for new trial. The Court of Appeals denied both of these motions.

Appellant then raised fifteen points of error on appeal. In points twelve through fourteen she reiterated the arguments she had made in her motions to abate and, in point fifteen, she urged a reconsideration of those motions. The Court of Appeals found that appellant had been denied counsel during the time in which she could have filed a motion for new trial. The court then held that this deprivation constituted "good cause" such that the rule regulating the timely filing of a motion for new trial could be suspended. *See* Tex.R.App.P. § 2(b). But, contrary to how intermediate appellate courts usually dispose of matters on appeal, the court in this case did not reverse, reform or affirm appellant's conviction. Instead, it "set aside" the appeal and remanded the cause to the trial court so that it could conduct a hearing on the motion for new trial. Thus, the Court

of Appeals effectively ruled on the motions to abate that they had previously dismissed and did not otherwise address appellant's other points of error on appeal.

The State then petitioned this Court for discretionary review. It does not, however, contest the procedural peculiarity of this case. Thus, implicit in the State's petition to this Court is the State's understanding that we cannot assess the correctness of a Court of Appeals' ruling on an appeal when, as was the case here, no such ruling exists and that we are thus reviewing the Court of Appeals' decision *not* on appellant's appeal, but on her motions to abate. That said, the State contends that it was appellant's burden to show that she was without counsel during a critical stage of the prosecution, that appellant failed to meet this burden, and that the Court of Appeals erred to hold otherwise. We granted its petition.

I am not initially concerned with whether appellant was, indeed, denied counsel during a "critical" phase of her prosecution. Although *Ward v. State,* 740 S.W.2d 794 (Tex. Crim.App.1987) concerns just such an inquiry, I do not believe that the lessons of *Ward* constitute the framework in which this case should be analyzed. In fact, the Court of Appeals did not "set aside" the case before it because *Ward* mandated such a result, but, instead, because it found "good cause" to do so. Specifically, it found that appellant was denied counsel during the period in which she could timely file a motion for new trial and that such a denial constituted "good cause" under § 2(b).

Of course, *Ward v. State* was not insignificant to the Court of Appeals' analysis. In *Ward,* this Court stated that appointed trial counsel "remains as defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for trial only." *Ward* at 798. But we went on to state that counsel "of record" may not be enough. Indeed, pursuant to *Ward,* a defendant may successfully argue that even though her trial counsel never expressly withdrew from representation, she had no counsel for all *practical* purposes because it was "obvious" that counsel *believed* "that their representation had ceased." *Ward* at

800. Thus, although *Ward* does not concern "good cause" under § 2(b), it does emphasize the importance of counsel during critical periods of a judicial proceeding and it is this emphasis that strengthens the basic assumption upon which the Court of Appeals' opinion rests: that a "practical" denial of counsel during a "critical" stage in judicial proceedings constitutes "good cause" to suspend the usual rules of appellate procedure.

I adopt this assumption for purposes of this appeal. After all, the State does not dispute that the denial of counsel at a "critical" phase in a prosecution constitutes "good cause." I further recognize *Ward's* contribution to both this assumption and to the actual inquiry of whether appellant was denied counsel in a practical sense. But, more to the State's first ground of review, I would also acknowledge that the Court of Appeals may only suspend the rules of appellate procedure under § 2(b) for "good cause *shown.*" Tex.R.App.P. § 2(b) (emphasis added). In order to "show" good cause, the moving party cannot simply allege facts that would constitute "good cause." Rather, she must prove those facts such that the Court of Appeals may conclude that "good cause" exists. In this case, appellant must prove, as the State correctly asserts, that she was denied counsel during the period in which she could have timely filed a motion for new trial. This is so because it is appellant who benefits from a finding of "good cause." *Cf. Arnold v. State,* 786 S.W.2d 295, 298 (Tex. Crim.App.1990) (State has burden of proof to establish harmless error under Tex.R.App.P. 81(b)(2), as beneficiary of the error). Of course, it is not enough to simply state that appellant carries a burden without assigning a particular burden to her. Recognizing the fact that, in the absence of compelling reasons to do otherwise, our system assigns "preponderance of the evidence" as the default burden, I would hold that appellant carries the burden to prove, by a preponderance of the evidence, that she was denied counsel during a "critical" stage in the prosecution. *Cf. McIntire v. State,* 698 S.W.2d 652, 662 (Tex.Crim.App.1985) (This Court remanded appellant's cause to the trial court for a hearing at which appellant had to prove, by a preponderance of the evidence,

that he could not obtain a "free, fair and full presentation of evidence in support of his motion for new trial.")

The State next asks us to assess whether the evidence was sufficient to support the court of appeals' holding. It would be anomalous for this Court, however, to review the propriety of the Court of Appeals' fact-finding on sufficiency when we do not know if that inquiry was conducted according to the tenets set out in this opinion. In other words, if we assume that the Court of Appeals found that appellant had met her burden of proof by a preponderance of the evidence, then we could properly review that finding. But if our assumption is incorrect, then we would be attempting to "review" an inquiry that never occurred in the first instance and such an attempt would constitute nothing less than a de novo determination by this Court.

For these reasons, I would remand this case to the Court of Appeals for a fact-finding on "good cause" conducted within the framework set out in this opinion. Since appellant carries the burden to prove that she was denied counsel during the time in which she could have properly filed a motion for a new trial hearing, she should be given the opportunity to present evidence on that issue. After all, her ability to prove a fact depends almost entirely upon her opportunity to do so. This opportunity to present evidence should come either via a hearing at the trial court level or via the collection of affidavits. Of course, the State would also be allowed to present evidence at the hearing, if one is held, or, alternatively, to also submit affidavits. This is so because our adversarial system promotes the notion that the factfinder can best assess the truth or falsity of a factual proposition when both sides present evidence bearing on that inquiry. *See Morrison v. State,* 845 S.W.2d 882, 902–07 (Tex. Crim.App.1992) (Benavides, J., dissenting) (for an overview of the goals and policy considerations supporting our adversarial system).

Thus, I would reverse the Court of Appeals, remand this case to them and require that it abate the appeal so that the trial court

can either conduct a hearing or collect affidavits or, alternatively, gather affidavits itself so that evidence would be assembled on the issue of whether appellant had counsel during the time that she claims she did not. It is from this evidence that the Court of Appeals must determine whether appellant has proven, by a preponderance of the evidence, that she was denied counsel during a "critical" phase in the prosecution such that the rules of appellate procedure can properly be set aside for "good cause" under Rule 2(b).

For these reasons, I dissent to the Court's dismissal of the State's petition for discretionary review as improvidently granted.

### KELLER, Judge, dissenting.

A jury found Appellant guilty of forgery, and the trial court assessed her punishment at three years confinement. The Fourteenth Court of Appeals held that Appellant had been denied counsel during the time period in which she could have filed a motion for new trial, set aside Appellant's conviction, and remanded the case to the trial court for a hearing on the motion for new trial. *Oldham v. State*, 889 S.W.2d 461 (Tex.App.Houston [14th] 1994). We granted the State's petition for discretionary review to determine whether the record supports the Court of Appeal's holding that Appellant was denied her right to counsel during a critical stage of the proceedings. Further, we granted the petition to determine whether the remedy adopted by the Court of Appeals in this case is proper. A majority of the Court dismisses the petition as improvidently granted. To this action I respectfully dissent.

On appeal, Appellant alleged that her trial attorney was released on the day of sentencing, and since appellate counsel was not appointed until sixty-two days later, she was therefore without assistance of counsel during the time period for filing a motion for new trial. Tex.R.App.Pro. 31. The Court of Appeals agreed, and found that the lack of counsel constituted "good cause" under Tex. R.App.Pro. 2(b) for extending the deadline for filing a motion for new trial.

The State contends the Court of Appeals was wrong to assume that trial counsel had been relieved from further involvement in the case, because nothing in the record indicates that counsel sought or was permitted to withdraw, or was otherwise replaced by counsel during a critical stage of the proceedings. Secondly, the State contends the Court of Appeal's action in remanding the case to the point in time at which sentence was imposed was improper.

Appellant was sentenced on January 14, 1992. On February 10, 1992, Appellant filed a timely pro se notice of appeal. The following day, the district clerk sent notice to Appellant that the appeal had been assigned to the Fourteenth Court of Appeals, and that appellate counsel was "to be determined." However, appellate counsel was not appointed until March 16, 1992, past the deadline for filing a motion for new trial.

In holding that Appellant had been denied her constitutional right to counsel during a critical stage of the proceedings, the Court of Appeals relied on *Cox v. State*, 797 S.W.2d 958 (Tex.App.—Houston [1st] 1990, no pet.), and *Callis v. State*, 756 S.W.2d 826 (Tex. App.—Houston [1st] 1988, no pet.). In each of those cases, the Court of Appeals held that the failure to appoint counsel for appeal until the deadline for filing a motion for new trial had passed was a denial of the right to counsel at a critical stage of the proceedings. In each case, the First Court of Appeals suspended Tex.R.App.P. 31(a), requiring that the defendant file his motion for new trial within thirty days of the imposition of sentence, and remanded the case to the trial court for resentencing.

However, the record in *Callis* clearly showed that trial counsel was permitted to withdraw from the case following the imposition of sentence. In *Callis*, there was a notation on the docket sheet that counsel on appeal was "to be determined."[1] In the present case, there is no such docket entry. There is nothing in this record to demonstrate that counsel filed a motion to with-

---

**1.** The facts as set out in the appellate opinion in *Cox* are not as specific as to whether trial counsel was permitted to withdraw following sentencing.

It appears the Court of Appeals summarily granted relief based on its decision in *Callis*.

draw, or that he was in any way released of his obligations to remain as Appellant's counsel until "appeals are exhausted." See Art. 26.04(a), V.A.C.C.P. The only similar entry in the record is found in the letter of assignment to the Court of Appeals from the district clerk's office, stating that the clerk's records indicate that the attorney on appeal was to be determined. The Court of Appeals has not referred to any evidence within the record to support its conclusion that "appellant's trial attorney also seemed to believe his representation of appellant ended after trial." *Oldham*, 889 S.W.2d at 462.

The Court of Appeals expressly declined to follow the holding in *Ortega v. State*, 837 S.W.2d 831 (Tex.App.—San Antonio 1992, no pet.). In *Ortega*, the defendant also alleged he was deprived of counsel during the period for filing a motion for new trial. The San Antonio Court of Appeals relied on this Court's holding in *Ward v. State*, 740 S.W.2d 794, 798 (Tex.Cr.App.1987), that "appointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw." The Court held that there was nothing in the record to indicate that appointed trial counsel sought or was permitted to withdraw, or was otherwise replaced by counsel. The Court stated that simply because trial counsel did not file a motion for new trial on the defendant's behalf, did not mean that the defendant was denied his right to counsel during this period of time. *Id.* at 832. We find the reasoning applied by the appellate court in *Ortega* applies in this case as well.

Appellant has failed to rebut the presumption that she was represented by counsel following sentencing. Merely because she filed a pro se notice of appeal does not indicate she was without counsel; it may simply mean that initially she told counsel she did not want to pursue the appeal, and she changed her mind at the last minute. Likewise, simply because a motion for new trial was not filed does not mean that Appellant was without counsel during that time period in which a motion could have been filed. There is nothing in the statement of facts of this trial to reflect that counsel asked or was permitted to withdraw following sentencing. Finally, the notice from the district clerk's office is inadequate to reflect that trial counsel had been permitted to withdraw from the case, and that Appellant was without counsel.

I would hold that the Court of Appeals improperly found Appellant was not represented by counsel during the time in which a motion for new trial could have been filed, and I would reverse the judgment of the Court of Appeals.[2] Because the majority instead dismisses the State's petition, I dissent.

McCORMICK, P.J., joins.

---

2. Since I would hold that the Court of Appeals erred in finding that Appellant was not represented by counsel during a critical stage of the proceedings, the remaining issue as to the form of the relief provided by the Court of Appeals would be moot.