TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00706-CR







John Richard Roberts, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF NEWTON COUNTY, 1ST JUDICIAL DISTRICT


NO. 4645, HONORABLE JOE BOB GOLDEN, JUDGE PRESIDING








 A jury found appellant John Richard Roberts guilty of the offense of murder. See
Tex. Penal Code Ann. § 19.02(b)(1) (West 1994). Upon the jury's assessment of punishment, the
district court sentenced appellant to 99 years in the Texas Department of Criminal Justice-Institutional Division. Appellant asserts a single issue on appeal: that he was denied his
constitutional right to counsel during a critical phase of the proceedings before the district court,
namely the period between the court's rendition of judgment and the expiration of the period
within which he could file a motion for new trial. Appellant requests that we remand his case to
the district court so that he may file a motion for new trial. In light of the holding of the court of
criminal appeals in Oldham v. State, (1) we must overrule appellant's request and affirm the
judgment of the district court.

BACKGROUND

 Appellant was originally charged by indictment with the offense of capital murder. 
At appellant's request, the district court appointed trial counsel to defend him. Appellant's
appointed counsel filed numerous pretrial motions on appellant's behalf. Approximately a month
prior to trial, appellant began to file his own pretrial motions, pro se. Among these was a motion
to dismiss his appointed attorney and appoint new trial counsel. His appointed trial counsel then
sought to withdraw. The district court denied both motions.

 Prior to trial the State abandoned the capital element of the indictment, and
appellant was tried solely for the offense of murder. A jury convicted appellant of murder and
assessed his punishment at 99 years. (2) The district court imposed sentence. After the court
excused the jury, appellant testified in response to questions by his appointed trial counsel that he
understood that he had a right to file a notice of appeal within 30 days (3) and a right to file a motion
for new trial, also within 30 days. (4)

 The jury's verdict was returned on September 10, 1997. The district court rendered
judgment and sentence eight days later on September 18. On September 23, appellant, pro se,
filed several motions, a notice of appeal, and an affidavit of indigency. No motion for new trial
was filed by either appellant or his court-appointed trial counsel.

 On October 23, more than 30 days after the judgment was signed and beyond the
period within which appellant could file a motion for new trial, the district court granted
appellant's motion for appointment of appellate counsel, naming an attorney who had not
previously represented appellant. The record before us does not reflect that appellant's appointed
trial counsel filed a motion to withdraw as counsel following the jury's verdict. Likewise, we find
no order relieving appointed trial counsel of his duties. However, appellant's appointed trial
counsel ceased to be counsel of record upon the appointment of appellate counsel. (5)

 Appellant contends that he was denied his constitutional right to counsel because
his appointed "trial counsel failed to represent him in filing a motion for new trial" and counsel
for his appeal was not appointed until after the 30-day time limit for filing a motion for new trial
had expired. (6) Based on this alleged constitutional violation, appellant asks this Court to suspend
the 30-day deadline and remand this case to the district court so that he may file a motion for new
trial. (7)


DISCUSSION

Representation

 A "disadvantage arises from the post-conviction period of ambiguity wherein an
incarcerated defendant, whose counsel was appointed only for trial, must comply with a myriad
of procedural rules in order to perfect a meaningful appeal." Ward v. State, 740 S.W.2d 794,
797-98 (Tex. Crim. App. 1987). 


In bringing an appeal as of right from his conviction, a criminal defendant is
attempting to demonstrate that the conviction, and the consequent drastic loss of
liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an
adversary proceeding that--like a trial--is governed by intricate rules that to a
layperson would be hopelessly forbidding. An unrepresented appellant--like an
unrepresented defendant at trial--is unable to protect the vital interests at stake.
. . .



Id. at 799 (quoting Evitts v. Lucey, 469 U.S. 387, 395-96 (1985)). "The continuity of
representation from trial to appeal is necessary to correct the ambiguity of representation which
all too often follows a conviction [and]. . . . operates to severely limit the appellant's right to
meaningful appeal." Id. at 797. Appellant contends that the ambiguity of his representation was
not corrected because his appointed trial counsel provided no representation to him during that
critical post-conviction period within which he could have filed a motion for new trial. 

 However, "an appointed attorney's legal responsibilities do not magically and
automatically terminate at the conclusion of the trial." Id. at 796. It is generally presumed that
"appointed trial counsel remains as the defendant's counsel for all purposes until he is expressly
permitted to withdraw, even if the appointment was for the trial only." Id. at 798. Pursuant to
the Texas Code of Criminal Procedure, court appointed counsel "shall represent the defendant
until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is
relieved of his duties by the court or replaced by other counsel." Tex. Code Crim. Proc. Ann.
art. 26.04(a) (West 1989). 

 In this case, the record does not reflect that appellant's appointed trial counsel
withdrew from representation or was relieved until the time appellant's appellate counsel was
appointed. Thus, we must assume that appellant was represented by counsel following his
conviction and during the time within which he was able to file a motion for new trial. See id.;
Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (record shows appellant was
officially represented by counsel at all times); Ward, 740 S.W.2d at 799 ("Since appellant's trial
counsel did not affirmatively withdraw, he remained appellant's counsel on appeal.").


Effectiveness of Representation

 After finding that appellant was represented by counsel, we now must determine
whether counsel rendered effective assistance in perfecting and pursuing a meaningful appeal. See
Ward, 740 S.W.2d at 799 (appellant was denied effective assistance of counsel because he received
no assistance as to the substantive issues that may be presented on appeal). "[N]ominal
representation on an appeal as of right--like nominal representation at trial--does not suffice to
render the proceedings constitutionally adequate; a party whose counsel is unable to provide
effective representation is in no better position than one who has no counsel at all." Evitts, 469
U.S. at 396 (discussing adequacy of representation when bringing appeal following trial). 

 Texas case law is replete with discussions of whether a defendant is denied effective
assistance of counsel when his or her trial counsel fails to file documents necessary to bring a
meaningful appeal. A defendant may choose not to take certain steps to pursue an appeal after
consulting with counsel about the rights, requirements and advantages to an appeal. See Ex Parte
Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (trial counsel has duty to fully advise client
concerning meaning and effect of judgment, his right to appeal, necessity of taking steps to pursue
appeal, and possible grounds for appeal, but decision to appeal belongs to client). However, when
the evidence indicates that the defendant had no assistance at all "as to the substantive issue that
may be presented on appeal," a defendant is denied effective assistance of counsel. Ward, 740
S.W.2d at 800; see Oldham, 977 S.W.2d at 360 (claim of denial of counsel should be entertained
and upheld if supported by record).

 In Oldham, the court of criminal appeals considered the exact scenario presented
to us by this appeal. Oldham claimed that she was denied counsel because her retained trial
counsel did not represent her during the time period for filing a motion for new trial, and appellate
counsel was not appointed until after the time period expired. See Oldham, 977 S.W.2d at 361. 
The court of criminal appeals "scoured the record in search of . . . evidence showing that trial
counsel thought his duties were completed with the end of the trial" and found only evidence that
the appellant filed a pro se notice of appeal and notice of indigency after sentencing. Id. at 362-63. The court held that


such facts do not rebut the presumption that the appellant was represented by
counsel and that counsel acted effectively. There is nothing in the record to
suggest that the attorney did not discuss the merits of a motion for a new trial with
the appellant, which the appellant rejected. When a motion for new trial is not
filed in a case, the rebuttable presumption is that it was considered by the appellant
and rejected. Additionally, in this case, the fact that the appellant filed a pro se
notice of appeal is evidence that she must have been informed of at least some of
her appellate rights, and we presume she was adequately counseled unless the
record affirmatively displays otherwise.



Id. at 363 (citations omitted). 

 We are bound by the court of criminal appeals' decision in Oldham. Appellant
points only to evidence in the record indicating that he filed several pro se notices and motions
contending that he was not effectively represented by his trial counsel. As in Oldham, "[t]here
is nothing in the record to suggest that [appellant's trial] attorney did not discuss the merits of a
motion for new trial with the appellant, which the appellant rejected." See id. Indeed, the record
reflects that after sentencing, appellant's trial counsel informed him of his right to file a motion
for new trial and of the time for which he had to file this motion. The fact that appellant filed
several post trial motions and notices pro se is evidence that he was informed of at least some of
his appellate rights and may indicate that he chose not to file a motion for new trial. See id. But
see Boyette v. State, 908 S.W.2d 56, 59 (Tex. App.--Houston [1st Dist.] 1995, no pet.) (notice
of appeal signed solely by defendant is indication that trial counsel does not intend to pursue his
client's appeal). (8)

 While we are concerned that appellant may have been without meaningful
representation during the period immediately following his trial, we must defer to Oldham. The
record here does not affirmatively display that appellant was without adequate counsel, and thus
appellant has failed to overcome the presumption that his counsel was acting effectively at all
times. (9) See Oldham, 977 S.W.2d at 363. 


Applicability of Rule 2

 Because we have found no constitutional violation on the state of this record, we
will not address appellant's request that we employ Texas Rule of Appellate Procedure 2 (10) to
suspend the requirement of Rule 21.4(a) (11) and remand the case to the district court to allow
appellant to file a motion for new trial. (12) 

 Therefore, we overrule the sole issue presented.


CONCLUSION

 Having disposed of appellant's only issue, we affirm the district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 25, 1999

Do Not Publish
1. 977 S.W.2d 360 (Tex. Crim. App. 1998).
2. Appellant had previously elected to have the jury assess his punishment.
3. See Tex. R. App. P. 26.2(a)(1).
4. See Tex. R. App. P. 21.4(a).
5. See Tex. Code Crim. Proc. Ann. art. 26.04(a) (West 1989) (court appointed attorney "shall
represent the defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel"). 
6. A defendant in a criminal case "may file a motion for new trial before, but no later than 30
days after, the date when the trial court imposes or suspends sentence in open court." Tex. R.
App. P. 21.4(a). 
7. Under Rule 2 of the Texas Rules of Appellate Procedure, an appellate court may, for good
cause, suspend a rule's operation in a particular case and order a different procedure. See Tex.
R. App. P. 2.
8. Boyette was decided before Oldham, and therefore the court of appeals did not have the
benefit of the court of criminal appeals' opinion.
9. While this record does not support appellant's claims of lack of counsel and ineffective
assistance of counsel, these claims may be asserted in an application for a post-conviction writ of
habeas corpus. See Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998); Jackson v.
State, 877 S.W.2d 768, 772 n.2 (Tex. Crim. App. 1994) (Baird, J., concurring).
10. See note 7, supra. 
11. See Tex. R. App. P. 21.4(a).
12. We further observe that, in Oldham, the court of criminal appeals held that rule 2 "should
not be used as a method to lengthen procedural time limits absent truly extraordinary
circumstances, even in an effort to protect the substantive rights of litigants." Oldham, 977
S.W.2d at 360. Because Roberts's situation is for all practical purposes the same as Oldham's,
rule 2 is unavailable to him. 



s not intend to pursue his
client's appeal). (8)

 While we are concerned that appellant may have been without meaningful
representation during the period immediately following his trial, we must defer to Oldham. The
record here does not affirmatively display that appellant was without adequate counsel, and thus
appellant has failed to overcome the presumption that his counsel was acting effectively at all
times. (9) See Oldham, 977 S.W.2d at 363. 


Applicability of Rule 2

 Because we have found no constitutional violation on the state of this record, we
will not address appellant's request that we employ Texas Rule of Appellate Procedure 2 (10) to
suspend the requirement of Rule 21.4(a) (11) and remand the case to the district court to allow
appellant to file a motion for new trial. (12) 

 Therefore, we overrule the sole issue presented.


CONCLUSION

 Having disposed of appellant's only issue, we affirm the district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 25, 1999

Do Not Publish
1. 977 S.W.2d 360 (Tex. Crim. App. 1998).
2. Appellant had previously elected to have the jury assess his punishment.
3. See Tex. R. App. P. 26.2(a)(1).
4. See Tex. R. App. P. 21.4(a).
5. See Tex. Code Crim. Proc. Ann. art. 26.04(a) (West 1989) (court appointed attorney "shall
represent the defendant until charges are dismissed, the defendant is acquitted, appeals are
exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel"). 
6. A defendant in a criminal case "may file a motion for new trial before, but no later than 30
days after, the date when the trial court imposes or suspends sentence in open court." Tex. R.
App. P. 21.4(a). 
7. Under Rule 2 of the Texas Rules of Appellate Procedure, an appellate court may, for good
cause, suspend a rule's operation in a particular case and order a different procedure. See Tex.
R. App. P. 2.
8. Boyette was decided before Oldham, and therefore the court of appeals did not have the
benefit of the court of criminal appeals' opinion.
9. While this record does not support appellant's claims of lack of counsel and ineffective
assistance of counsel, these claims may be asserted in an application for a post-conviction writ of
habeas corpus. See Oldham v. State, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998); Jackson v.
State, 877 S.W.2d 768, 772 n.2 (Tex. Crim. App. 1994) (Baird, J., concurring).
10. See note 7, supra. 
11. See Tex. R. App. P. 21.4(a).
12. We further observe that, in Oldham, the court of criminal appeals held that rule 2 "should
not be used as a method to lengthen procedural time limits absent truly extraordinary
circumstances, even in an effort to protect the substantive rights of litigants." Oldham, 977
S.W.2d at 360. Because Roberts's situation is for all practical purposes the same as Oldham's,
rule 2 is unavailable to him.