

# In the Court of Criminal Appeals of Texas

No. PD-0845-20

ROY OLIVER,

*Appellant,*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the Fifth Court of Appeals
Dallas County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Appellant, a Balch Springs police officer, was convicted of murder. His conviction was affirmed on appeal, and he filed his petition for

discretionary review in this Court, in October of 2020, raising three grounds for review. On January 13, 2021, this Court granted his petition, limited to his second ground for review.

Today, the Court dismisses Appellant's petition, having determined that our initial decision to grant it, limited to the second ground, was improvident. I agree with that determination. And I join the Court's opinion.

I write further only to say that, on reflection, I now wish that the Court had voted originally to grant Appellant's first ground for review. In it, he argued that the court of appeals erred in failing to hold that the statement he gave to Dallas police investigators was *also* involuntary under *Garrity v. New Jersey*, 385 U.S. 493 (1967). Though Appellant's job was arguably not subject to forfeiture for failing to speak to the Dallas police investigators (as opposed to those from Balch Springs), the statement he gave to them was bracketed on both sides by statements he made to Balch Springs internal affairs investigators, who most assuredly informed him that, if he chose not to talk to them, he risked forfeiting his employment as a Balch Springs policeman. *Oliver v. State*, No. 05-18-01057-CR, 2020 WL 4581644 at *3–4 (Tex. App.—Dallas Aug. 10, 2020) (mem. op., not designated for publication).

Would or could a reasonable policeman under investigation for misconduct, under circumstances like those presented in this case, have made the mistake of believing that his statement to the Dallas police investigators was *also* compelled over the threat of potential termination, just as Appellant was told his statements to the Balch Springs internal affairs investigators were? If so, then that statement

may have been given involuntarily as well, at least for purposes of possible criminal prosecution, pursuant to *Garrity*. In retrospect, I believe it would have been jurisprudentially significant for this Court to have granted review to address that claim.

For now, I am content with the understanding that any time this Court refuses discretionary review—whether initially or retroactively by improvident grant dismissal—we intimate no view about the propriety of the lower court's rulings. "As is true in every case where discretionary review is refused, this refusal certainly does not constitute any endorsement of the reasoning employed or language used by the court of appeals." *Oldham v. State*, 977 S.W.2d 569, 570 (Tex. Crim. App. 1996).

**FILED:**                                          June 22, 2022
**PUBLISH**