COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-354-CR

 

 

BILLY RAY RISLEY                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Billy Ray Risley
was convicted of possession of less than twenty-eight grams of amphetamine and
sentenced to ninety-nine years= confinement.  On appeal,
appellant contends that he is entitled to a new trial on punishment because his
punishment was improperly enhanced by a conviction that was not final before a
subsequent conviction also used for enhancement purposes.  See Tex.
Penal Code Ann. ' 12.42(d)
(Vernon Supp. 2006).  We reverse and
remand for a new trial on punishment.

Appellant and the State have
filed a Joint Motion to Remand for New Punishment Hearing, in which the State
concedes that it failed to prove that the conviction used to enhance appellant=s punishment was final before the second conviction.  As a result, the parties requested that this
court remand the case for a new punishment trial in accordance with their
agreement.  However, the rules of
appellate procedure do not allow us to dispose of criminal cases by agreement
other than by dismissing the appeal.  See
Depew v. State, 843 S.W.2d 87, 88-89 (Tex. App.CDallas 1992, no pet.); compare Tex. R. App. P. 42.1(a)(2) (providing that in civil cases,
this court may, in accordance with agreement of the parties, Aset aside the trial court=s judgment without regard to the merits and remand the case to the
trial court for rendition of judgment in accordance with the agreements@), with Tex. R. App. P.
42.2 (allowing appellate court to dismiss appeal in criminal cases upon
appellant=s filing a
withdrawal of notice of appeal in accordance with the rule).  Accordingly, we must DENY the motion.








However, in the interest of
justice, we will construe the motion as the State=s brief in this case and deem it filed as of December 1, 2006.  See Tex.
R. App. P. 38.6(d).  We will also
submit the case immediately in light of the parties= motion.  See Tex. R. App. P. 38.3, 38.6(d), 39.9.

In his fifth issue,[2]
appellant contends that the evidence is legally insufficient to prove that the
offense described as burglary in cause number 3844A became final before the
offense of possession of a weapon by a felon in cause number 205777D was committed,
so that the maximum punishment the jury could have assessed was twenty years= confinement rather than the ninety nine years it assessed.  See Tex.
Penal Code Ann. ' 12.33(a)
(Vernon 2003), '
12.42(a)(3), (d); Act of May 29, 1987, 70th Leg., R.S., ch. 666, ' 3, sec. 4.02(c)(3), 1987 Tex. Gen. Laws 2479, 2485 (amended 2003)
(current version at Tex. Health &
Safety Code Ann. '
481.103(a)(3) (Vernon Supp. 2006)); Act of May 30, 1983, 68th Leg., R.S., ch.
425, ' 10, sec. 4.041(a)B(b), 1983 Tex. Gen. Laws 2361, 2381 (amended 1993) (current version at
Tex. Health & Safety Code Ann.
' 481.116(a)B(d) (Vernon
2003)).








The State concedes that the
burglary offense was not final before the possession of a weapon by a felon
offense was committed because appellant had filed a notice of appeal in the
burglary case, and the State did not prove either that the conviction was affirmed
or that appellant withdrew the notice of appeal.  See Russell v. State, 790
S.W.2d 655, 657 (Tex. Crim. App. 1990). 
It also concedes that appellant is entitled to a new trial on punishment
because without the burglary conviction to enhance appellant=s punishment, the maximum sentence he could have received was twenty
years= confinement.  See Tex. Penal Code Ann. '' 12.33(a), 12.42(a)(3); Meineke v. State, 171 S.W.3d 551, 557
(Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d).  Accordingly, we sustain
appellant=s fifth
issue.

Appellant=s first four issues, if sustained, would entitle him to more relief
than a new trial on punishment; however, because the joint motion to remand
indicates that he is willing to withdraw his other issues and any requests for
relief other than a remand for a new trial on punishment, we need not address
them.  See Tex. R. App. P. 47.1.








Having sustained appellant=s fifth issue, we affirm the trial court=s judgment of conviction, but we reverse the trial court=s judgment on punishment and remand the case for a new trial on
punishment only.  Because the parties
requested that we issue an expedited mandate in their joint motion to remand,
we direct the clerk of this court to issue mandate within three days of the date
this opinion issues unless either party objects in writing on or before that
date.  See Tex. R. App. P. 18.1(c). 
In the event either party so objects, we will withdraw this opinion and
reset briefing deadlines.

 

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 4, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Appellant originally presented six
issues; however, in the joint motion, he agreed to withdraw all but his fifth
issue, subject to this court=s granting the motion.