RISLEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-354-CR

BILLY RAY RISLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Billy Ray Risley was convicted of possession of less than twenty-eight grams of amphetamine and sentenced to ninety-nine years’ confinement.  On appeal, appellant contends that he is entitled to a new trial on punishment because his punishment was improperly enhanced by a conviction that was not final before a subsequent conviction also used for enhancement purposes.  
See
 
Tex. Penal Code Ann.
 § 12.42(d) (Vernon Supp. 2006).  We reverse and remand for a new trial on punishment.

Appellant and the State have filed a Joint Motion to Remand for New Punishment Hearing, in which the State concedes that it failed to prove that the conviction used to enhance appellant’s punishment was final before the second conviction.  As a result, the parties requested that this court remand the case for a new punishment trial in accordance with their agreement.  However, the rules of appellate procedure do not allow us to dispose of criminal cases by agreement other than by dismissing the appeal.  
See Depew v. State
, 843 S.W.2d 87, 88-89 (Tex. App.—Dallas 1992, no pet.); 
compare
 
Tex. R. App. P.
 42.1(a)(2) (providing that in civil cases, this court may, in accordance with agreement of the parties, “set aside the trial court’s judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements”), 
with
 
Tex. R. App. P.
 42.2 (allowing appellate court to 
dismiss appeal
 in criminal cases upon appellant’s filing a withdrawal of notice of appeal in accordance with the rule).  Accordingly, we must 
DENY 
the motion.

However, in the interest of justice, we will construe the motion as the State’s brief in this case and deem it filed as of December 1, 2006.  
See
 
Tex. R. App. P.
 38.6(d).  We will also submit the case immediately in light of the parties’ motion.  
See
 
Tex. R. App. P.
 38.3, 38.6(d), 39.9.

In his fifth issue,
(footnote: 2) appellant contends that the evidence is legally insufficient to prove that the offense described as burglary in cause number 3844A became final before the offense of possession of a weapon by a felon in cause number 205777D was committed, so that the maximum punishment the jury could have assessed was twenty years’ confinement rather than the ninety nine years it assessed.  
See
 
Tex. Penal Code Ann.
 § 12.33(a) (Vernon 2003), § 12.42(a)(3), (d); 
Act of May 29, 1987, 70th Leg., R.S., ch. 666, § 3, sec. 4.02(c)(3), 1987 Tex. Gen. Laws 2479, 2485 (amended 2003) (current version at 
Tex. Health & Safety Code Ann.
 § 481.103(a)(3) (Vernon Supp. 2006)); Act of May 30, 1983, 68th Leg., R.S., ch. 425, § 10, sec. 4.041(a)–(b), 1983 Tex. Gen. Laws 2361, 2381 (amended 1993) (current version at 
Tex. Health & Safety Code Ann.
 § 481.116(a)–(d) (Vernon 2003)).

The State concedes that the burglary offense was not final before the possession of a weapon by a felon offense was committed because appellant had filed a notice of appeal in the burglary case, and the State did not prove either that the conviction was affirmed or that appellant withdrew the notice of appeal.  
See
 
Russell v. State
, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990).  It also concedes that appellant is entitled to a new trial on punishment because without the burglary conviction to enhance appellant’s punishment, the maximum sentence he could have received was twenty years’ confinement.  
See
 
Tex. Penal Code Ann.
 §§ 12.33(a), 12.42(a)(3); 
Meineke v. State
, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Accordingly, we sustain appellant’s fifth issue.

Appellant’s first four issues, if sustained, would entitle him to more relief than a new trial on punishment; however, because the joint motion to remand indicates that he is willing to withdraw his other issues and any requests for relief other than a remand for a new trial on punishment, we need not address them.  
See
 
Tex. R. App. P.
 47.1.

Having sustained appellant’s fifth issue, we affirm the trial court’s judgment of conviction, but we reverse the trial court’s judgment on punishment and remand the case for a new trial on punishment only.  Because the parties requested that we issue an expedited mandate in their joint motion to remand, we direct the clerk of this court to issue mandate within three days of the date this opinion issues unless either party objects in writing on or before that date.  
See
 
Tex. R. App. P.
 18.1(c).  In the event either party so objects, we will withdraw this opinion and reset briefing deadlines.

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant originally presented six issues; however, in the joint motion, he agreed to withdraw all but his fifth issue, subject to this court’s granting the motion.