**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     Michael Dixon v. The State of Texas

Appellate case number:   01-18-00948-CR

Trial court case number:  17487

Trial court:             21st District Court of Washington County

The appellate record in this appeal was originally due on January 17, 2019. *See* TEX. R. APP. P. 34.1, 35.2(b). On January 22, 2019, the Clerk of this Court notified appellant that the trial court clerk had informed the Court that appellant had not made payment arrangements for preparation and filing of the clerk's record.[1] *See* TEX. R. APP. P. 35.3(a). The Clerk further notified appellant that unless he provided written evidence that he had paid, or made arrangements to pay, for the clerk's record, or provided proof that he is entitled to proceed without payment of costs, the Court might dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b). Neither appellant nor his counsel responded. And, a clerk's record has not been filed in this appeal.

It appears that appellant's counsel, Scottie Allen, has been placed on active suspension from the practice of law for a period of six months beginning on April 1, 2019. Therefore, appellant currently is not represented by counsel in this appeal.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Washington County District Attorney's Office shall be present. *See Martinez v. State*, 534 S.W.2d 693, 694 (Tex. Crim. App. 1976). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.

---

[1]    On January 22, 2019, the Clerk of this Court also sent notice to appellant regarding the failure to pay, or make arrangements to pay, for preparation of the reporter's record. *See* TEX. R. APP. P. 35.3(b), 37.3(c). Appellant has not responded to that notice, and a reporter's record has not been filed.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;
2) Determine whether appellant is now indigent, and
   a. if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant and (ii) order the trial court clerk and court reporter to file the clerk's record and reporter's record in this case within **30 days** of the date of the hearing, at no cost to appellant;
   b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **20 days** from the date of the hearing by which appellant must hire substitute counsel; and
      ii. provide a deadline of no more than **30 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the clerk's record and reporter's record and further notify appellant that failure to provide such evidence may result in dismissal of his appeal for want of prosecution or consideration of his appeal without a reporter's record; and
3) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 20.2; *see generally Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (explaining other factors relating to fair and orderly administration of justice may overcome presumption in favor of right to choice of counsel).

The trial court clerk is directed to file a supplemental clerk's record containing trial court's findings and recommendations and any orders issued pursuant to the hearing with this Court no later than **30 days** from the date of this order. The court reporter is directed to file a reporter's record of the hearing and file the reporter's record no later than **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Russell Lloyd _____

☑ Acting individually   ☐ Acting for the Court

Date: ___ April 30, 2019 ___